## In re STREET RAILWAYS ADVERTISING CO.

District Court, S. D. New York.

July 8, 1941.

GODDARD, District Judge.

John Gerdes, the receiver, who is exceptionally well qualified because of his wide experience and ability in such matters, did not retain any attorney from June 6th, 1940, when he was appointed, until June 21st, 1940 and during the entire period of his receivership conducted the business with its many difficult problems; also carried on and finally concluded negotiations for the sale of the business of the bankrupt and its affiliated companies, which resulted in bringing into the estate substantial assets much to the satisfaction of the creditors. I think that he is entitled to full commissions of......................$2,621.28

Charles G. Stevenson, the law partner of the receiver, was appointed attorney for the receiver by an order made by Judge Knox on June 21st, 1940, in pursuance to Rule 8 of the Bankruptcy Rules of this Court, which order stated that "special circumstances make it desirable that such attorney be retained by the receiver although

he is a partner of the receiver". The petition for the appointment fully disclosed the facts relating to the partnership.

The referee is of the opinion that Mr. Stevenson may not be compensated for the legal services which he has rendered to the receiver because this would result in allowing the receiver to indirectly obtain other compensation contrary to Sections 72 and 62 of the Bankruptcy Act, 11 U.S.C.A. §§ 112, 102; also that the receiver stands in a fiduciary position and may make no profit out of his trust regardless of honest intent and purpose.

In June, 1938, Section 72 of the Bankruptcy Act was amended to read as follows: "Limitation of compensation of officers of court. No referee, receiver, marshal, or trustee shall in any form or guise receive, nor shall the court allow him, any other or further compensation for his services *as required by this title* than that expressly authorized and prescribed by this title." 11 U.S.C.A. § 112.

The amendment consisted of adding the words which I have italicized "as required by this title". Prior to this amendment Section 72 limited receivers to the compensation prescribed for them in the Act and no compensation for other services not required from a receiver under the Bankruptcy Act could be allowed. In making this amendment Congress had some purpose in view. And if carefully read the section as amended indicates that while no more than the statutory fees may be allowed to a receiver for his required services as receiver, he may be compensated for other services not required under the Bankruptcy Act.

There are good reasons for this amendment which were presented to House Judiciary Committee and elsewhere previous to its adoption, namely—the efficient and economic administration of certain bankrupt estates where the receiver is a lawyer and attends to the legal work himself. Such appointments should be the exception and made only when sound special circumstances justify. Rule 8 of our Bankruptcy Rules was adopted in September, 1938, subsequent to the amendment to Section 72 and the enactment of Section 62 of the Bankruptcy Act in June of that year, and my impression is that this Rule 8 was made to prevent abuses which might otherwise arise in view of the removal of the previous limitation against ever allowing the receiver to act as attorney. If compensation may be allowed to an attorney who is also the receiver, it would seem to follow that if his partner was retained as attorney, he, the receiver, would not be barred from accepting his share in the partnership returns. The referee also urges that this conclusion is opposed to General Order 44, 11 U.S.C.A. following section 53, which contemplates the retention of another when legal services are needed. But General Order 44 merely sets forth what showing must be made if another lawyer is to be retained by the receiver. It does not restrict the receiver from rendering legal services. Moreover, the statute is controlling if there be a conflict between the statute and General Order 44.

The fiduciary relationship of the receiver and his trust is not violated in view of the present provisions of Sections 72 and 62, sub. c, of the Bankruptcy Act. The situation is now similar in this respect to the rule in our Surrogates Court which has prevailed since the amendment to Section 285 of the Surrogate's Court Act in 1914 allowing a lawyer, who is an executor, to also serve as attorney for the estate and to receive such compensation for his legal services as the Surrogate may allow.

I think that this attorney for the receiver may properly be allowed compensation for the legal services which he rendered the estate. This conclusion is in accord with the opinion of Judge Conger in The Matter of The Balsa Wood Company, Southern District of New York, October 9, 1940,[1] as yet unreported.

Accordingly, Mr. Stevenson, attorney for the receiver, is allowed $500 for his services, this being the amount recommended by the referee, if any compensation is to be granted to him. I have taken into consideration that in this period from June 21st to July 9th, 1940, he was also acting, and is to receive compensation, as attorney for the receiver in several other affiliated companies.

Puder & Puder, Accountants. A fair rate of compensation, I think, justifies an allowance of $625.

Except as above modified, the report of the referee is confirmed. Settle order on notice.

---

[1] No opinion for publication.