MUTUAL OF OMAHA INSURANCE
COMPANY, Plaintiff,

v.

Edna M. CHADWELL, Defendant.

No. 75 C 3440.

United States District Court,
N. D. Illinois, E. D.

Feb. 16, 1977.

---

Michael J. Gibbons, of Kralovec, Sweeney, Marquard & Doyle, Chicago, Ill., for plaintiff-counterdefendant.

Richard M. Calkins, of Burditt & Calkins, Chicago, Ill., for defendant-counterplaintiff.

AMENDED MEMORANDUM OPINION

GRADY, District Judge.

The plaintiff (insurance company) has brought this action seeking a declaratory judgment that the defendant (widow) is not entitled to receive benefits under an accident insurance policy. The defendant has filed a counterclaim for the policy benefits. Before the court are cross-motions for summary judgment on the declaratory action and the counterclaim. We will grant the plaintiff's motion.

The insurance policy at issue here restricts eligibility to "[a]ll lawyers associated with the Policyholder [law firm] as a (sic) partner or employee." Coverage under the policy terminates upon "termination of employment," which is defined in the policy as "cessation of active work by resignation, dismissal or retirement." The sole issue before the court is whether the widow's deceased husband was an employee of the policyholder (law firm) at the time of his death so as to entitle the widow, as beneficiary, to receive the proceeds of the policy. Because there are no disputed factual issues raised by the affidavit and deposition submitted, the issue is ripe for summary judgment.

The affidavit presented by the widow compels us to conclude that her husband was not covered by the policy at the time of his death. In the affidavit, Mr. Kayser, managing partner of the policyholder law firm, avers that on December 31, 1973, the husband ceased his partnership in the firm. In a letter dated January 10, 1974, from the firm to the husband and the defendant, the affiant set forth the agreement under which the husband was to continue on an "Of Counsel" basis. His name was to re-

main in the firm name, on the stationery letterhead as "Of Counsel," and on its front door. The firm was to continue to pay the cost of all group insurance carried on the husband. Office space was to be made available to him "to the extent [it] is not being used by the firm," and a secretary was to "continue to help you with your bookkeeping and related problems." The firm agreed to pay the husband "in view of his long and outstanding service to the firm, and in consideration of the other matters set forth in this letter," the sum of $4,000.00 per year for a period of five years and a lump sum of $20,000.00 in 1978. In the event of the husband's death prior to the expiration of the five-year period, the payments were to be made to his widow. Deductions from the annual payment of $4,000.00 would be made for social security, withholding and other taxes. The letter did not mention any services of any kind which the husband might be expected to perform.

The term "employee" is not defined in the policy. The defendant in her motion for summary judgment asks this court to characterize the relationship outlined above between the law firm and her husband as one of employer and employee.

▇ The Court of Appeals for the Seventh Circuit has given us guidance in construing the term "employee" when it appears in an insurance policy. The court stated:

When the word "employee" appears in a contract of insurance and is not defined in the policy, it must be construed in a manner most likely to correspond to the intention of the parties to the contract. The intention fairly attributable to the insurer and the insured, from an objective standpoint and in the absence of a contrary indication, should therefore reflect the ordinary meaning of the word as it is understood by persons generally and should highlight the characteristics which the law most often attributes to employment.

The normal indicia of the employer-employee relationship, as pronounced by the courts of Illinois, are contract, control and compensation.

*American Casualty Co. v. Wypior,* 365 F.2d 164, 166–67 (7th Cir. 1966) (citations omitted). Given this approach to construction of the term "employee," it is not possible to consider the husband an "employee" of the law firm. The contract discussed above was not one for employment. Rather, it could best be characterized as a licensing contract.[1] In return for the use of the husband's name, and his past services, the

[1] We believe it is appropriate to call attention to the questionable propriety of the contractual provision which allows the firm to retain the use of the husband's name on its letterhead when there was no expectation that the husband would render any services. The Code of Professional Responsibility, DR 2–102(A)(4) provides that "[a] lawyer may be designated 'Of Counsel' on a letterhead if he has a continuing relationship with a lawyer or law firm other than as a partner or associate." Surely, the "continuing relationship" referred to here means a relationship in the practice of law. The letterhead is a holding out to the public that such a working relationship exists. American Bar Association Formal Opinion 330 (August 1972) states:

The lawyer who is described as being "Of Counsel" to another lawyer or law firm must have a continuing (or semi-permanent) relationship with that lawyer or firm, and not a relationship better described as a forwarder-receiver of legal business. His relationship with that lawyer or firm must not be that of a partner (or fellow member of a professional legal corporation) nor that of an employee. His relationship with the lawyer or law firm must be a close, regular, personal relationship like, for example, the relationship of a retired or semi-retired former partner, who remains available to the firm for consulting and advice, or a retired public official who regularly and locally is available to the firm for consultation and advice. . . . Generally speaking, the close, personal relationship indicated by the term "Of Counsel" contemplates either that the lawyer practice in the offices of the lawyer or law firm to which he is "Of Counsel" or that his relationship, for example by virtue of past partnership of a retired partner that has led to continuing close association, be so close that he is in regular and frequent, if not daily, contact with the office of the lawyer or firm. The term obviously does not apply to the relationship which is merely that of a forwarder and receiver of legal business. In short, the individual lawyer who properly may be shown to be "Of Counsel" to a lawyer or law firm is a member or component part of that law office,

firm was to make installment payments for five years, with a final payment of $20,000.00. The contract gave the firm no right to control the husband's work. Indeed, it required no services to be performed. There is nothing to indicate that the offer of office space and a secretary was anything more than a courtesy. It cannot be inferred that either the firm or the husband expected him to use these facilities to render legal services on behalf of the firm. There is no evidence that the husband in fact did any work for the firm subsequent to December 31, 1973. That he did no work is further evidence that neither he nor the firm regarded the letter of January 10, 1974, as a contract of employment.

The defendant places great reliance on the withholding of social security and other taxes from the annual payment as an indication that the law firm and husband intended to establish an employment relationship. Her reliance is misplaced. The withholding, absent the indicia of contract, control and compensation, indicates only that the parties intended that the husband retain his eligibility for insurance coverage, not that he assume the role of employee.

The requirement that the relationship contain the indicia of contract, control and compensation in order to be recognized as an employment relationship is consistent with the language of the policy. The policy states that coverage terminates with the "cessation of *active* work by resignation, dismissal or retirement." (emphasis supplied). From that language, it is obvious that the parties to the insurance contract intended that an "employee" be one who is required by contract to be actively at work.[2] The husband, upon withdrawal as a partner in 1973, was neither required nor expected to be actively at work. His withdrawal as a

partner was a cessation of active work by retirement. The fact that his name appeared on the letterhead as "Of Counsel" does not indicate otherwise.

Defendant's motion for summary judgment is denied. Plaintiff's motion for summary judgment on the declaratory action and the counterclaim is granted.

---

but his status is not that of a partner or an employee (nor that of a controlling member of a professional legal corporation).
ABA, Committee on Ethics and Professional Responsibility, Formal Opinion 330 (August 1972) (citations omitted).

2. The defendant argues that the requirement that the partner or employee be actively at work would disqualify those who were tempo-

rarily disabled and unable to work, and thus should be disregarded as contrary to the intention of the parties to the insurance contract. We disagree. A partner or associate of a firm may be required by contract to render services to the firm but be excused from performance because of temporary disability. In that instance, active work has not ceased but has only been suspended.