In re Anthony **TOLIVER**, Debtor.

**Bankruptcy No. 81 B 05970 Mc.**

United States Bankruptcy Court, D. Colorado.

Dec. 28, 1982.

Bruce Bernstein, Denver, Colo., Trustee.

## ORDER DENYING MOTION TO RECONSIDER

JOHN F. McGRATH, Bankruptcy Judge.

On November 10, 1982, the Trustee, Bruce C. Bernstein, filed a Motion for Authority on behalf of himself as Trustee, to hire himself as attorney for the Trustee. The grounds stated were that the Trustee needed an attorney to institute an action against the Debtor for turnover of property belonging to the estate. The Court by order of November 26, 1982, denied the said

---

Motion. The Trustee has now filed a Motion to Reconsider that November 26, 1982, order.

The Trustee attaches a memorandum to the Motion. The Court has no dispute with the cases cited in the memorandum. As pointed out, the statute at 11 U.S.C. § 327(a) allows the court to approve the appointment of an attorney to represent or assist the trustee. However, that provision is discretionary and is not mandatory. The Trustee cites the case of *In Re Union Dredging Co.*, 225 F. 188, 194 (D.Del.1915). However, that case does not stand for the proposition that in every instance the court must appoint an attorney to act for the trustee. In fact, the wording quoted by the Trustee in the memorandum states that an attorney will be appointed if it is reasonably necessary for the welfare of the estate that an attorney should be so employed. The Trustee's application does not set forth any unusual circumstances that would require the appointment of an attorney. This appears to be a rather routine turnover proceeding against the Debtor.

It has been the long-standing custom of this Court to appoint attorneys as panel trustees. Since the United States Trustee took over this function, she has also appointed attorneys as panel trustees. The reasons for this are to expose attorneys to the bankruptcy law so that they can become more proficient in it and to bring their expertise to routine matters. To appoint attorneys for the trustee in routine matters, therefore, would not be in keeping with the principle of appointing attorneys as trustees.

The duties of a trustee are set forth in 11 U.S.C. § 704. The first duty of the trustee is to collect and reduce to money the property of the estate and to close the estate as expeditiously as possible. The Court does not believe that every action to collect monies or property from the Debtor himself would necessitate the hiring of an attorney. Inherent in the duties of a trustee to collect and reduce to money the property of the estate is the corresponding duty that it be done as reasonably as possible. After all,

the trustee has a duty to the creditors to keep costs to a minimum so that more assets will be available to distribute to creditors.

The Court would further point out that in the past for routine matters such as this, panel trustees have not seen fit to hire themselves as attorneys. In fact under the new Code the panel trustees have brought cases in their own names in their trustee capacity. There is no prohibition on the trustee from bringing an action in his own name and acting as his own attorney. An individual can always appear for himself. The only prohibition that this Court knows of is the prohibition against a corporation appearing by an officer. A corporation may appear in a court of record *only* by an attorney. See *American Motorists Insurance Company and Bridgers and Paxton Consulting Engineers, Inc. v. Resource Technology Corporation,* No. 82–1492, slip opinion of the United States Courts of Appeals for the Tenth Circuit, August 27, 1982, (Not For Routine Publication) at footnote 1.

Neither the original motion to employ the attorney nor this motion to reconsider contain any exceptional circumstances that would compel this Court to appoint any attorney for the Trustee. If there are such exceptional circumstances that could be shown to the Court, then the Court would appoint the Trustee as attorney for himself. This must be done by an affirmative showing and the Court cannot presume that the turnover case would be anything other than a routine matter.

WHEREFORE, IT IS ORDERED that the Motion to Reconsider the Court order of November 26, 1982, denying the Trustee's Motion to Appoint himself as attorney for the Trustee be and the same is hereby denied.