**In re Donald Lenard HIRONIMUS, Jr., Debtor.**

Civ. A. No. 82–Z–1699.

Bankruptcy No. 81 B 03712 Mc.

United States District Court, D. Colorado.

Jan. 3, 1983.

Tim Davis, Lakewood, Colo., for debtor.

Bruce C. Bernstein, Denver, Colo., pro se.

ORDER DISMISSING APPEAL

WEINSHIENK, District Judge.

This matter is before the Court on the trustee's appeal of an order entered by Bankruptcy Judge John F. McGrath denying the trustee's Motion to Employ Attorney. The appeal is unopposed. The trustee states the issue: "Is a trustee in bankruptcy entitled to employ an attorney to investi-

gate and represent the estate in bringing a complaint against a debtor for turnover of property of the estate and for revocation of the debtor's discharge?" Judge McGrath considered "this to be the ordinary, every-day duties of a Trustee and not so exceptional that an attorney is needed."

With certain exceptions inapplicable in this matter, the statute provides that "the trustee, with the court's approval, may employ one or more attorneys . . . to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). The trustee and attorney may be the same person as requested here, "if such authorization is in the best interest of the estate." 11 U.S.C. § 327(d). Where the trustee and the attorney are the same person, "the court may allow compensation for the trustee's services as such attorney . . . only to the extent that the trustee performed services as attorney . . . for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney . . . for the estate." 11 U.S.C. § 328(b).

> Bankruptcy Rule 215(a) provides that
> The order shall be made only upon application of the trustee . . ., stating the specific facts showing the necessity for such employment, the name of the attorney . . ., and the reasons for his selection, the professional services he is to render, and to the best of the applicant's knowledge all of the attorney's . . . connections with the bankrupt, the creditors or any other party in interest, and their respective attorneys . . . .

The rationale for Rule 215(a) was stated by Judge John F. Grady in *Matter of Sumthin' Special, Inc.*, 2 B.R. 743, 748 (D.C.N.D.Ill. 1980):

> By requiring court authorization prior to the retaining of an attorney, Rule 215 is obviously aimed at saving unnecessary expense to the bankrupt estate. As Collier notes in his treatise, "the determinative question is whether it is reasonably necessary for the welfare of the estate to have counsel or an accountant employed."

To enable the bankruptcy court to determine whether legal services are "reasonably necessary" for the welfare of the estate, the Rule anticipates that the trustee will make a particularized showing of need in his or her application. [Citations omitted.]

Here, the statutory language gives the bankruptcy judge discretion as to whether an attorney should be employed at all, discretion as to whether he finds appointment of the trustee as the trustee's attorney in "the best interest of the estate," and discretion in determining the compensation of a person in such a dual capacity. Further, the trustee's petition was inadequate under the requirements of Rule 215(a). There were no specific facts showing the necessity for such employment, no reasons for his selection, and no specification of the professional services to be rendered. Judge McGrath exercised his discretion pursuant to statute, and this Court can find no abuse of that discretion. Under the circumstances of this case, the bankruptcy judge's order that the trustee is not entitled to employ an attorney is proper. Accordingly, it is

ORDERED that the Order Denying Motion to Employ Attorney is affirmed and the appeal is dismissed. It is

FURTHER ORDERED that the hearing set on Monday, January 10, 1983, at 8:30 a.m. is vacated.