In the Matter of MINTON GROUP, INC., Debtor.

Bankruptcy No. 82 B 20590.

United States Bankruptcy Court, S.D. New York.

Aug. 31, 1983.

Sidney Turner, trustee, White Plains, N.Y.

Robert J. Eichelburg, White Plains, N.Y., for creditors.

Office of the United States Trustee by Lance Evans, New York City.

## DECISION ON APPLICATIONS FOR INTERIM COMPENSATION

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The United States trustee and various creditors have objected to the petition for interim fees filed by the attorney for the trustee in this case. The debtor corporation was the managing general partner of a real estate partnership comprised of five separate limited partnerships. Each separate limited partnership was formed to own and operate a specific real estate venture. The investors and creditors of each limited partnership differ in composition and amounts claimed. The trustee, standing in the shoes of Minton Group, Inc., the general partner, filed involuntary Chapter 11 petitions against the five limited partnerships. Orders for relief were thereafter entered with respect to the limited partnerships as well as orders for joint administration with the general partner, Minton Group, Inc. The general partner, Minton Group, Inc., came into this court as the result of an involuntary petition under Chapter 11 of the Bankruptcy Code. Thereafter, upon the application of certain creditors pursuant to Code § 1104, Sidney Turner was appointed the Chapter 11 trustee by the United States trustee.

Sidney Turner, as attorney for Sidney Turner, the trustee of Minton Group, Inc., has charged all of his services to the general partner's estate in view of the fact that, as the managing general partner, Minton Group, Inc. is responsible for the operation of the limited partnership debtors. He has applied for compensation at the rate of $175

per hour for a total of 631 billable hours. The United States trustee questions the integrity of these figures and notes that the meeting of creditors under Code § 341(a) for each of the five cases were held, in conjunction with each other and involved less than one hour. However, the application in support of the 631 billable hours indicates one hour each for four limited partnerships and one and one-half hours for the fifth, for a total of five and one-half hours.

The United States trustee and counsel for objecting creditors maintain that the hourly rate of $175 is too high and not based on the billing rate in the local legal community. Additionally, they contend that the majority of items listed in the application for attorney's fees are duties generally performed by a trustee without the assistance of an attorney in that they relate mainly to the valuation of the various real estate holdings of the debtor, negotiations for the sale of the property, negotiations with mortgagees, real estate brokers, banks, purchasers of the property and collectors of real estate taxes. Also included are conversations with limited partners of the partnership interests controlled by the debtor and conversations with creditors and investors. Moreover, it is noted that the first two items on the list of services, totalling 1.7 hours, involved matters concerning the estate prior to the appointment of counsel for the trustee.

■ The court has also tabulated the billable time attributable to telephone calls, which amounts to approximately 180 hours, or about 30% of the total billable time. Many of the telephone conversations appear to relate to routine administrative duties of the trustee and do not reveal why they should be attributable to legal services. This problem stems from the fact that the trustee retained himself as attorney for the estate. In such case, the demarcation between trustee services and attorney services should be clear and distinct. The specific subject matter and the nature of the problem that implicates legal services should be made apparent from the records. In the instant case this was not done. In order for a trustee who retains himself as attorney for an estate to recover for the legal services performed, as distinguished from the trustee's statutory duties, the attorney must establish that the services claimed are not those generally performed by a trustee without the assistance of an attorney. This requirement is mandated under 11 U.S.C. § 328(b), which reads as follows:

If the court has authorized a trustee to serve as an attorney or accountant for the estate under section 327(d) of this title, the court may allow compensation for the trustee's services as such attorney or accountant only to the extent that the trustee performed services as attorney or accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate.

■ The general criteria that courts must consider in making a discretionary award for reasonable attorneys' fees were listed in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974) and are summarized as follows [referred to as the twelve *Johnson* factors]: 1) the time and labor required; 2) the novelty and difficulty of the question presented; 3) the skill required to perform the legal services; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorney; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; 12) awards in similar cases.

■ The factors that must be considered for making awards under Code § 330(a)(1) are substantially the same except that the cost of comparable services other than in a bankruptcy case replaces the pre-Code concept of "the economical spirit of the Bankruptcy Act" as stressed in *In re Mabson*

*Lumber Co.,* 394 F.2d 23, 25 (2d Cir.1968). The factors that are listed in Code § 330 also apply when making an award of interim compensation under 11 U.S.C. § 331. *In re Doyle-Lunstra Sales Corp.,* 19 B.R. 1003, 1004 (D.S.D.1982).

There is no question that counsel performed commendable legal services for this estate. He originally attempted to assert the rights of a hypothetical bona fide purchaser of real estate under the trustee's strong-arm powers in Code § 544(a)(3). However, this court held that the trustee of Minton Group, Inc. could not assert those powers on behalf of the debtor's limited partnerships. *In re Minton Group, Inc.,* 27 B.R. 385 (Bkrtcy.S.D.N.Y.1983). Thereafter, the trustee was more successful in avoiding post-petition attachments. *In re Minton Group, Inc.,* 28 B.R. 774 (Bkrtcy.S.D.N.Y.1983). The trustee elected to file involuntary Chapter 11 cases against the related limited partnerships in order to consolidate the administration of these assets with those of the managing general partner, Minton Group, Inc.

The estate has realized money from rental income and the sale of real estate in Connecticut. It also is liable under various mortgages. Although the gross assets may total nearly $500,000, there are outstanding mortgages which have a secured status against this estate. At this junction it cannot be predicted what, if anything, will be available for unsecured creditors.

■ In evaluating the time factor, the court must be mindful that routine and ministerial services, such as telephone calls and correspondence with creditors and information seekers should not be compensated at billable rates attributable to truly legal services. *See In re Dee's Resort Wear, Inc.,* 25 B.R. 591 (Bkrtcy.M.D.Fla. 1982). Additionally, there is no breakdown between the legal services performed for the general partner and those performed in the bankruptcy cases for the five limited partner corporations.

■ Although Mr. Turner submitted a separate letter reflecting the time spent for each entity, the supporting time records attached to the fee application contain many items that do not indicate which entity was served. Apparently, all of the legal services are charged to Minton Group, Inc. because it is the only general partner in the five limited partnerships and, as the managing partner, was responsible for the administration of the five limited partnerships. Much of the work for the limited partnerships was self-created because, as the trustee of Minton Group, Inc., the general partner, he thereafter filed involuntary Chapter 11 cases against the limited partnerships and became their trustee as well. No other counsel fees will be awarded to Mr. Turner for the limited partnership debtors in the period covered by this application up to May 16, 1983, because the award in this case includes the time attributable to those limited partnerships.

■ Reviewing the application as best as one can in the circumstances, it appears that counsel for the trustee performed somewhere in the neighborhood of 450 post-petition hours of truly legal services. The balance of the time was either in the nature of trustee duties, routine or ministerial functions or not sufficiently documented to support a claim for legal services as distinguished from a trustee's duties. Moreover, the $175 per hour rate that is claimed for such services is not consistent with the $125 to $150 per hour figure that this court has customarily applied in varying fashion, depending upon the litigation time and the results achieved. Accordingly, counsel will be credited with 450 billable hours for his legal services at the rate of $150 per hour, for a total of $67,500 which this court finds to be fair and reasonable interim compensation in this case.

Additionally, the following professionals have submitted applications for compensation as follows:

|  | Fee | Expenses |
|---|---|---|
| David L. Orenstein<br>Accountants for the<br>Chapter 11 Trustee | $1,608.00 | $ 16.14 |
| Roland R. Greco Associates<br>Real Estate Appraisers and<br>Consultants | $6,250.00 | --- |

| | Fee | Expenses |
|---|---|---|
| Richard H. Saxl, Esq. Attorney for Trustee | $1,791.67 (less $866.67 previously paid) | --- |
| Baldwin, Porter & Wheelock, Inc. Managing Agents and Brokers | $15,000.00 (Compromised sum) | --- |

The services performed by the above professionals were competently performed and have been previously submitted to the U.S. trustee who reviewed the statistics and has no objection to the applications. Accordingly, the above applications are granted.

 In view of the fact that the compensation requested is on an interim basis, with a final report to follow when the case is closed and when a more complete picture as to these estates will be available, the recommended awards will be allowed on a 75% basis. Thus, 25% will be held back now and will be made available when the final accounting is submitted.

SUBMIT ORDER ON NOTICE.