## In re SYLVANIA AREA INVESTMENT GROUP, INC., Debtor.

### Bankruptcy No. 82–02592.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Nov. 30, 1983.

David A. Zeitzheim, Oak Harbor, Ohio, Trustee.

## ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the application of David A. Zeitzheim, Trustee, to serve as his own attorney in connection with certain matters in this Chapter 7 case under the Bankruptcy Code. The court finding that the application fails to state the specific facts showing the necessity for the employment and the professional services to be rendered, such application is denied.

In the application the trustee seeks court authority to act as his own attorney for the purpose of determining the "validity, priority, and true amounts" of liens on real and personal property that the trustee may desire to sell. It is brought pursuant to 11 U.S.C. § 327(a) which provides that "the trustee, with the court's approval may employ one or more attorneys ... to represent or assist the trustee in carrying out the trustee's duties under this title." Under § 327(d) "the court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interests of the estate."

This application, like all applications for employment of professional persons under the Code, is governed by Bankruptcy Rule 2014(a) which provides as follows:

An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professional persons pursuant to § 327 or § 1103 of the Code shall be made only on application of the trustee or committee, stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for his selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants.

Under the circumstances of this case, the Court cannot approve the trustee's application as being in the best interest of the estate.

Contrary to Bankruptcy Rule 2014(a), the present application fails to state the specific facts showing the necessity for the employment and a list of the professional services to be rendered. The application is couched in certain boilerplate language which makes no reference to any particular property of the estate the trustee desires to liquidate or any particular liens whose validity, priority, or amounts must be determined. The trustee has not specified any difficulties encountered or foreseen in his handling of the property which would necessitate the employment of an attorney. From all appearances, the application concerns a routine trustee examination of estate assets for purposes of sale or abandonment.

The rationale for former Bankruptcy Rule 215, from which rule 2014(a) was adapted, was explained by the district court in *In re Sumthin' Special, Inc.*, 2 B.R. 743 (N.D.Ill.1980):

By requiring court authorization prior to the retaining of an attorney, Rule 215 is obviously aimed at saving unnecessary expense to the bankrupt estate. As Collier notes in his treatise, 'the determinative question is whether it is reasonably necessary for the welfare of the estate to have counsel or an accountant employed.' 12 Collier on Bankruptcy ¶ 215.04, at 2–181 (14th Ed. 1975. Supp. 1978). To enable the bankruptcy court to determine whether legal services are 'reasonably necessary' for the welfare of the estate, the Rule anticipates that the trustee will make a particularized showing of need in his or her application.

2 B.R. at 748.

The same considerations control the employment of professional persons under the relevant provisions of the Bankruptcy Code and Bankruptcy Rules. As in cases under the Bankruptcy Act, an important consideration is saving unnecessary expense to the

bankruptcy estate. Furthermore, under § 327(a) of the Code, the court must still make a determination "whether it is reasonably necessary in the administration of the estate to have professional persons, such as attorneys or accountants, employed." 2 *Collier on Bankruptcy* ¶ 327.01 at 327–3 (15th Ed. 1982). As a result the bankruptcy courts have exercised their discretion to deny applications for employment absent a showing of specific facts or unusual circumstances which justify the employment. *See, e.g., In re Hironimus,* 26 B.R. 191, 9 B.C.D. 1392 (D.Colo.1983); *In re Toliver,* 26 B.R. 103, 9 B.C.D. 1391 (Bkrtcy.D.Colo.1982).

The present application is insufficient since, among other reasons, there are no specific facts showing the necessity for the employment of counsel nor are the professional services to be rendered specified. From the present application, it appears the trustee is performing one of his essential duties under § 704 of the Code in collecting and reducing to money the property of the estate. Perfunctory approval of applications of this sort would not be in the best interests of the estate and could give the erroneous impression that performance of routine trustee duties are compensable as professional services. Under § 328(b) of the Code, the court may allow compensation to a trustee authorized to serve as an attorney or accountant for the estate under § 327(d) "only to the extent that the trustee performed services as attorney or accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate." Trustees serving as their own counsel should thus be careful to differentiate between routine trustee services and work that is truly legal in nature since the former services are not compensable as professional services under § 330 of the Code. *See In re Minton Group, Inc.,* 33 B.R. 38, 10 B.C.D. 1233 (Bkrtcy.S.D.N.Y.1983). It is therefore,

ORDERED that the trustee's application to serve as his own attorney be, and hereby is, denied.