## In re Patricia Ann OFFUTT, Debtor.

## In re Jerry R. NORRIS, Debtor.

**Bankruptcy Nos. 3–84–02011(B), 3–84–02019(B).**

United States Bankruptcy Court, W.D. Kentucky.

Nov. 14, 1984.

---

J. Baxter Schilling, Schilling & Schilling, Louisville, Ky., Trustee.

Henry Burt, Louisville, Ky., for debtor, Patricia Ann Offutt.

James F. Williamson, Louisville, Ky., for debtor, Jerry R. Norris.

### ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

The above cases came before the Court on Motion by the Trustee to employ the Trustee's law firm as attorney in said Bankruptcies "to act as attorneys for the Trustee in all matters pertaining to legal services which must be rendered for the Trustee and general creditors of the estate. Compensation to be paid for these legal services should be reserved for further orders of the Court."

The Court finding that the applications fail to state the specific facts showing the necessity for the employment and the professional service to be rendered, such applications are denied.

In the application the Trustee seeks Court authority to appoint the Trustee's law firm under the general boiler plate language makes no reference to any particular property of the estate the Trustee's desires to liquidate, or any particular liens whose validity, priority or amounts must be determined.

A cursory review of the petitions reflect no preferences nor fraudulent conveyances apparently in issue, nor litigation requiring intervention of the Trustee. Both cases at

this juncture appear to be routine "no asset cases".

Applications for employment of professional persons under the Code is governed by Bankruptcy Rule 2014(a) which provides as follows:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professional persons pursuant to § 327 or § 1103 of the Code shall be made only on application of the trustee or committee, stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for his selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connection with the debtor, creditors, or any other party in interest, their respective attorneys and accountants.

Applications pursuant thereto must state the specific facts showing the necessity for the employment, or any difficulty encountered or foreseen by the Trustee in the administration of the estate which necessitates the employment of an attorney. The Court, in considering an application under § 327(a) of the Code and the particulars mandated by Bankruptcy Rule 2014(a), must make a determination "whether it is reasonably necessary in the administration of the estate to have professional persons, such as attorneys or accountants, employed"; 2 Collier on Bankruptcy § 327.01 at § 327–3 (15th Ed.1982).

General applications without specific facts justifying the need therefor fail to meet the requisite criteria of Bankruptcy Rule 2014(a). *In re Sylvania Area Investment Group Inc.*, 35 B.R. 82 (N.D.Ohio W.D.1983). It is therefore,

ORDERED that the Trustee's application to serve as his own attorney in each of the above styled cases be, and hereby is, denied.

This is a final and appealable order, and there is no just reason for delay.