**In re AIR VERMONT, INC., Debtor.**

**Bankruptcy No. 84–19.**

United States Bankruptcy Court,
D. Vermont.

Nov. 18, 1988.

K. LeFebvre, Esq., for the U.S. Trustee, U.S. Trustee's Office, Albany, N.Y. (U.S. Trustee).

J. Meyers, White River Junction, Vt., Trustee and Atty. for Trustee, pro se (Meyers).

## MEMORANDUM DECISION ON COMPENSATION FOR ATTORNEY FOR TRUSTEE

FRANCIS G. CONRAD, Bankruptcy Judge.

This contested matter [1] is before us on the application of Meyers for compensation and expenses. The U.S. Trustee objects. We sustain the objection in part and overrule the remainder.

In what is now one of the oldest converted Chapter 11 cases in this Court, Meyers moves for approval of an interim fee application.[2] The U.S. Trustee objects to the application. He put forth various objections, most of which were resolved at the hearing held on the objections. Several objections were not resolved at the hearing, specifically, the U.S. Trustee objects to attorney compensation for work which the Bankruptcy Code imposes on the trustee and, to other services which the U.S. Trustee views as not compensable because they are administrative in nature or duplicative.

Meyers disagreed with the U.S. Trustee's objections. At the hearing on his application, he asked to submit a memorandum of law in opposition. The request was granted. The memorandum was received along with a second amended fee application.

The U.S. Trustee did not file any reply memorandum.

■ It is well settled in this Circuit that Courts may not compensate an attorney appointed to represent the trustee for services statutorily required of the trustee. *In the Matter of Mabson Lumber Co.*, 394 F.2d 23, 24 (2d Cir.1968); *In re Shades of Beauty, Inc.*, 56 B.R. 946, 949 (Bkrtcy.E.D. N.Y.1986). Trustees must perform all ministerial duties and administrative duties of the estate, *Compare, Connelly v. Hancock Dorr, Ryan & Shove, et al.*, 195 F.2d 864, 869 (2d Cir.1952) (trustees should perform all ministerial and administrative duties of the estate), while attorneys appointed to represent the trustee must exercise professional legal skills and expertise beyond the ordinary knowledge and skill of the trustee. to receive compensation. *Shades of Beauty, supra*, at 949. Attorneys have been denied compensation for services relating to the sale of the debtor's assets, the collection of accounts due, and the examination of the debtor's papers, *In re Eureka Upholstering Co.*, 48 F.2d 95, 96 (2d Cir. 1931); preparation of notices and advertisements for the sale of the debtor's assets, and license renewals, *In re Taylor*, 66 B.R. 390, 393–94 (Bkrtcy.W.D.Pa.1986); routine and ministerial services such as telephone calls, correspondence with creditors and with information seekers, *Matter of Minton Group, Inc.*, 33 B.R. 38, 41 (Bkrtcy.S. D.N.Y.1983); charges for reduction of the estate to money, *Mabson, supra;* the payment of routine bills, and the examination of the debtor's records, *See In re McAuley Textile Corp.*, 11 B.R. 646, 648–49 (Bkrtcy. D.Me.1981). This is not to say that we would routinely deny compensation when the services provided, although trustee duties, are necessarily performed by the attorney for reasons of difficulty, *McAuley, supra*, practicality and efficiency, but

---

1. We have jurisdiction to hear this matter under 28 U.S.C. § 1334(b). This is a core matter under 28 U.S.C. § 157(b)(2). This Memorandum Decision shall constitute findings of facts and conclusions of law under Fed.R.Civ.P. 52 as made applicable by Rules of Practice and Procedure in Bankruptcy.

2. The application was not so-styled, but because the application is in substance an interim fee application we call it such.

the burden is on the attorney to prove his request for compensation.

■ Courts have acknowledged that oftimes it is difficult to differentiate between trustee tasks and attorney tasks. *See, In re Meade Land & Dev. Co., Inc.*, 527 F.2d 280, 285 (3rd Cir.1975). Regarding whether a specific service performed by the trustee can be billed by the trustee's attorney, Judge Holland in *Shades of Beauty, supra,* 949, wrote:

> While it is sometimes difficult to distinguish clearly between these capacities, (those of the trustee and its attorney) the threshold question should be whether the services performed were those which one not licensed to practice law could properly perform for another for compensation.

(Parentheticals supplied for clarity). Stated another way, if we have authorized a trustee to serve as an attorney. for an estate under § 327(d), we will allow compensation for the trustee's services as an attorney only when the trustee performed services as an attorney for the estate and not for the performance of duties generally performed by a trustee without the assistance of an attorney.

■ The difficult task of separating trustee's duties and attorney's duties is further complicated by the common bankruptcy practice of the trustee retaining himself or herself as attorney, pro se. While we personally believe this is not the best practice because of the proverb "he who is always his own counsel has a fool for his client," The Port Folio, Philadelphia, Aug. 1809, we will not lay down a judicial principle in this District that the practice should be discontinued. Rather, we require, and have requested, that the demarcation between trustee services and attorney services be clear and distinct in the trustee's and attorney's applications, and that these applications satisfy the require-

ments set forth in *In re S.T.N. Enterprises, Inc.*, 70 B.R. 823 (Bkrtcy.D.Vt.1987), and VLBR 2016. Moreover, in the situation of a trustee who represents himself or herself, the nature of the problem which implicates legal services must be apparent from the application. An application for fees should be self-contained, including enough information on its face to review the charges. *See, In re S.T.N. Enterprises, Inc., supra,* at 835. We should not be required to search the record and perform conjectural metaphysical exercises to discover the reason for the legal services. The burden is entirely on the attorney requesting compensation to demonstrate the professional compensation sought involves some necessary and actual legal service beyond the scope of the trustee's statutory duty.

■ We have strong policy and statutory reasons for our position. The trustee's compensation is derived from the Bankruptcy Code. 11 USC § 326. Congress has determined trustee compensation by providing for it in a statute. It did not delegate to others the authority to determine it. The trustee's statutory fees are the limit of his compensation. *See, In re Eureka Upholstering Co., supra,,* at 96. If we were to allow trustee services to be improperly billed by the estate's attorney, we would be countenancing an unwarranted double dipping, depletion of the estate, as well as aiding a breach of the trustee's fiduciary duty to the estate.

■ We turn now to the U.S. Trustee's objections about trustee duties billed as attorney time. Our pleading of reference is the "Second Amended Application for Compensation and Expenses" filed by Attorney Meyers. The following entries are denied compensation because they are inherently trustee duties:

| DATE | ITEM | TIME | DISALLOWED AMOUNT |
|---|---|---|---|
| 02/12/87 | Letter to FAA re ownership liens and registration of planes | .50 | $ 30.00 |
| 02/17/87 | Letter to other party Kane Properties re Navajo plane—lien | .50 | $ 30.00 |

| DATE | ITEM | TIME | DISALLOWED AMOUNT |
|------|------|------|-------------------|
| 02/17/87 | Declaration of no interest[3] | .20 | $ 12.00 |
| 03/11/87 | Telephone conf. with Timothy Young re liens on plane in Chicago; procedure | .25 | $ 15.00 |
| 05/14/87 | Letter to other party, FAA in Oklahoma City re mechanic's lien invalid; letter | .50 | $ 30.00 |
| 05/14/87 | Letter to Kane Properties of ILL re mechanic's lien was in violation of stay | .50 | $ 30.00 |
| | TOTAL | | $147.00 |

■ We pause before going on to the other objections to address an issue which is not adequately addressed by the U.S. Trustee but to us is an important issue about the duties of the trustee's attorney. The attorney time disallowed above is not the entire amount requested by the U.S. Trustee. The U.S. Trustee objected to the preparation of Bills of Sale and § 363 notices, indicating a trustee has access to a forms book, and thus does not need an attorney when a forms book is available. We did not disallow those Bills of Sale and notice items because we are of the opinion they are inherently legal work and not trustee work. The U.S. Trustee thinks otherwise and so does the Court in *In re Taylor, supra*, at 393. Certain notices, for instance, newspaper notices may be trustee work, but on the other hand § 363 notices and the like, and Bills of Sale, are legal documents, and thus, legal work to be performed by an attorney. To ensure some consistency in fee applications in this District we provide the following example of work which is inherently legal in nature from Attorney Meyers' fee application:

| 12/10/87 | Preparation of Bill of Sale—Preparation of Order approving sale | .60 | $ 60.00 |
|----------|-----------------------------------------------------------------|-----|---------|

■ We acknowledge that word processors and forms books enable a trustee to prepare routine bankruptcy notices, Bills of Sale, etc. We believe these should be prepared by attorneys. We have several reasons for our holding. First, even if the trustee prepared the document, a reasonable and prudent trustee would have the attorney review it to ensure the form or notice was legally correct. Second, if the attorney prepares the form in the first instance, duplicative services would be reduced and the estate would not be depleted. But See, *In re Taylor, supra*, 66 B.R., at 393. Third, we have seen too many instances where slavish devotion to a form produced an absurd, if not incomplete, work product. As we noted earlier, it is sometimes difficult to distinguish the duties of a trustee or the attorney for the trustee. We have expressed that the burden of persuasion is on the attorney requesting compensation. We will not, however, carry this test to such an extreme that we will reclassify all questionable work as trustee work, nor will we resolve all reasonable doubts for favor of the attorney. *See, e.g., Shades of Beauty, supra*, 56 B.R. at 949.

We turn now to the other objections concerning administrative and duplicative service. We approach this issue with some trepidation because we are not sure what the U.S. Trustee means by administrative duties or duplication. His objections seem to refer to an item as both administrative and duplicative, but the objection is not so

---

**3.** Also denied because it lacks specifity. *See, In re S.T.N. Enterprises, Inc., supra.*

listed. Like the paramedics who must take their patients as the find them, so must we take the U.S. Trustee's objections, and rule on them.

To us, administrative activities encompass such functions as mailing or delivering papers, photocopying, word processing, and organizing files. *In re S.T.N. Enterprises, Inc., supra,* at 830. Duplicative services are those which replicate, remake, repeat, or double services already provided and which are generally superfluous.

With but one entry, and that entry goes to the level of expertise of the provider, do we see any tasks that were inappropriate for an attorney to provide. We think the U.S. Trustee's administrative objection asks the attorney for the trustee to defer to the trustee on matters pertaining to the dictation of letters, the placing of telephone calls, and the setting of hearing dates, as if the trustee was the alter-ego of the attorney. Granted, in this instance the trustee and the attorney are the same, but if they were separate persons it would be ludicrous on the part of the attorney to have the trustee performing tasks, which although not inherently legal, are the grist of law practice. We find the U.S. Trustee's administrative objections unsubstantiated. We also decline to delete the one objectionable entry for .20 hours because it would be a parsimonious exercise calculated to insult the work of a capable lawyer.

The other major objection made by the U.S. Trustee pertains to items he labels duplicative. Again, with the exception of one entry, we cannot find a duplicative entry. All the entries labeled "duplication involved" are revisions of draft papers. As Meyers explains in his memorandum:

> "In order to obtain optimum efficiency in the drafting of legal documents, the applicant's usual practice is to dictate most legal documents, have applicant's secretarial staff transcribe the dictated matter into a word processing system, and produce from the word processing system a draft of the dictated document. The document is then reviewed and 'revised' to correct errors and/or revise the content as is necessary to assure that the final document is in proper form to be presented as a final draft."

Meyers' memorandum, page 5.

There is a point beyond which we should and will not intrude into the day to day operations of a law practice. Some lawyers dictate, some draft by hand, some type directly into word processors, and some combine a part of each method as they create documents. All the methods described require revision of the work product. Revision of a document hopefully means improvement, not duplication. The documents prepared by Meyers, and presented to us, generally are of the highest quality. Some of the revisions may be excessive, but we would rather see a quality work product revisions produce a high-quality work product. We need say no more. The U.S. Trustee's objection is overruled.

Finally, there was a minor objection about travel time. We find the travel entries satisfy the *STN Enterprises, Inc.* requirement. The U.S. Trustee's objection is overruled.

An appropriate Order will be entered.