**In the Matter of Richard BOSSELMAN,
a/k/a Bosselman Construction,
Debtor.**

**Bankruptcy No. BK86–2187.**

United States Bankruptcy Court,
D. Nebraska.

March 20, 1991.

John A. Wolf, Shamberg & Wolf, Grand Island, Neb., Trustee in Bankruptcy.

Patricia A. Dugan, Omaha, Neb., U.S. Trustee.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This case is before the court upon consideration of an Application for Allowance of Accountant Fees (Fil. # 23) and Application for Allowance of Attorney Fees (Fil. # 22). The matter was set for motion day and no appearances were made. The Application for Allowance of Accountant Fees is sustained. The Application for Allowance of Attorney Fees of the Trustee is denied because the application seeks attorney compensation for ministerial trustee services.

■ In this Chapter 7 case, Mr. John Wolf is serving in capacity as both trustee and as attorney for trustee. Although there are cases in which bankruptcy courts have refused to permit an attorney to serve in dual capacities as both trustee and counsel for trustee, *see e.g., In re Butler Industries, Inc.,* 101 B.R. 194 (Bankr.C.D.Cal. 1989), *aff'd,* 114 B.R. 695 (C.D.Cal.1990), I conclude that in consumer bankruptcy cases such representations are appropriate under 11 U.S.C. § 327(d). However, when an individual is serving as both trustee and attorney for trustee, it is important that the time for services expended on the case be carefully and fairly allocated between trustee services and attorney services. A Chapter 7 trustee should keep records of all time expended on a case, and the records should reflect the allocation of time between trustee and attorney services. In support of an application for attorney fees, the application need only describe legal services.

Some of the services described in the application for compensation for legal services appear to be administrative and ministerial and thus compensable only from the trustee's percentage fee. For example, attorney time is charged for services which include: "Filed Trustee's Request for Claims and Notice Fee Bill; Called Court to request matrix again; Received call from Court advising administrative error made and file was never closed so not necessary to reopen." Furthermore, it does not appear, from the application, that there was any real need for attorney services in this case. The retention of counsel should not be a routine matter in Chapter 7 asset cases.

■ There are many judicial decisions involving compensation to the attorney for the trustee and, more particularly, the difficult task of separating trustee's duties and attorney duties where the trustee has retained himself or herself as attorney. Courts generally require that the demarcation between trustee services and attorney services be clear and distinct. The burden is entirely on the attorney requesting compensation to demonstrate that the services involved some necessary and actual legal service beyond the scope of the trustee's statutory duty. *See In re Air Vermont, Inc.,* 114 B.R. 48 (Bankr.D.Vt.1988) (compensation for the trustee's services as an attorney will only be allowed when the trustee performs services as an attorney for the estate and not for performance of duties generally performed by a trustee without the assistance of an attorney); *In re Gary Fairbanks, Inc.,* 111 B.R. 809 (Bankr.N.D.Iowa 1990) (no attorney fees to trustee for preparation of form applications generally prepared and presented without the assistance of counsel); *In re King,* 88 B.R. 768 (Bankr.E.D.Va.1988) (attorney fees allowed for services rendered to the estate which cannot and should not properly be performed for compensation by one not an attorney and attorney fees not allowed for performance of services statutorily required of trustee); *In re McKenna,* 93 B.R. 238 (Bankr.E.D.Cal.1988) (burden is on the trustee to demonstrate that services

for which attorney fees are sought are not duties generally performed without the assistance of counsel); *In re Santoro Excavating, Inc.*, 56 B.R. 546 (Bankr.S.D.N.Y. 1986) (trustee may not be compensated as an attorney for ministerial chores); *In re Taylor*, 66 B.R. 390 (Bankr.W.D.Pa.1986) (attorney denied compensation for preparation of notices and advertisements for the sale of debtor's assets and license renewals); *In re Minton Group, Inc.*, 33 B.R. 38 (Bankr.S.D.N.Y.1983) (compensation denied for routine and ministerial services such as telephone calls, correspondence with creditors and with information seekers); *In re Mabson Lumber Co.*, 394 F.2d 23 (2d Cir. 1968) (compensation denied for charges for reduction of the estate to money); *In re McAuley Textile Corp.*, 11 B.R. 646 (Bankr.D.Me.1981) (compensation denied for the payment of routine bills and the examination of debtor's records). *See also* 11 U.S.C. § 704 (Duties of trustee).

The Application of Mr. Wolf for approval of compensation for legal services is denied without prejudice to submitting an amended application within twenty-one (21) days. The amended application should be supported by an affidavit which seeks to establish that his services involved necessary and actual legal services beyond the scope of the trustee's statutory duty. It is not my intention, hereby, to always require affidavits to be submitted on behalf of Chapter 7 attorney fee applications. However, I do think it would be the preferred practice for the trustees to keep records of all time expended on cases. If an objection to the fee application is filed or if the court has questions, the trustee would then be able to demonstrate the allocation between attorney time and trustee time. *See In re Vermont Air*, 114 B.R. 48 (Bankr.D.Vt. 1988) and *In re S.T.N. Enterprises, Inc.*, 70 B.R. 823 (Bankr.D.Vt.1987).

The Application for Allowance of Accountant Fees (Fil. # 23) is hereby approved. The Application for Allowance of Attorney Fees (Fil. # 22) is hereby denied.