**In re SHOWCASE JEWELRY DESIGN LTD., Debtor.**

**Bankruptcy No. 893–84280–022.**

United States Bankruptcy Court, E.D. New York, at Westbury.

April 22, 1994.

### MEMORANDUM AND DECISION ON APPLICATION FOR AN ORDER RETAINING ATTORNEYS

EDWARD J. RYAN, Bankruptcy Judge.

By application dated March 15, 1994 Andrew M. Thaler, Interim Trustee, seeks an order:

> that the said Interim Trustee be ... authorized to retain Goldman, Horowitz & Cherno, Esqs. as his attorneys in all matters requiring the services of an attorney at law herein under a general retainer; and ...
>
> that in the event of the appointment of Andrew M. Thaler as Permanent Trustee, this Order will continue the Trustee's authorization to employ [said firm] as his attorneys herein.

In support of the application for retention of his attorneys the movant shows:

1. That he is the Interim Trustee herein, duly qualified and acting as such.

2. That a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code was filed by the above-named Debtor on July 23, 1993. Thereafter on February 23, 1994 the case was converted to Chapter 7.

3. That Applicant desires to retain GOLDMAN, HOROWITZ & CHERNO, ESQS. ... as his attorneys herein.

4. **APPLICANT IS A REGULAR ASSOCIATE OF SAID FIRM OF ATTORNEYS.** (Emphasis added.)

5. That Applicant has selected said attorneys for the reasons that such attorneys are familiar with bankruptcy practice and are well qualified to act in the capacity as attorneys for the Interim Trustee.

6. That it is necessary for Applicant to employ attorneys to render the following professional services:

a) that it will be necessary to conduct examinations of the debtor and various witnesses as to the acts, conduct and property of the debtor herein;

b) that it will be necessary to prepare numerous applications and reports, for which services attorneys will be necessary;

c) that it will be necessary to conduct an investigation to discover all possible assets and to reduce same to cash.

7. To the best of Applicant's knowledge, said attorneys have no connection with the debtor, or any other party in interest or their respective attorneys.

8. That said GOLDMAN, HOROWITZ & CHERNO, ESQS. represent no interest adverse to the Interim Trustee or to the estate in the matters upon which they are to be engaged herein, and their employment would be to the best interests of the estate.

The Office of the United States Trustee on March 24, 1994 showed it had "No Objection" to the granting of the motion.

The court set the matter down for hearing on Monday, April 11, 1994. At that time an associate of the firm appeared and was heard.

■ Absent special circumstances a trustee who is a partner of a law firm ought not seek to retain his law firm to represent him in the administration of a large bankruptcy matter. *Knapp v. Seligson,* 361 F.2d 164 (2d Cir.1966).

In addressing the issue of employment by a bankruptcy trustee of his own law firm, the Second Circuit stated, "Such appointments should be the exception and made only when sound special circumstances justify." *Knapp v. Seligson,* supra, quoting *In re Street Railways Advertising Co.,* 54 F.Supp. 577, 578 (S.D.N.Y.1941). The court expressed concern that "[t]he conduct of bankruptcy proceedings not only should be right but must seem right." *Id.*

In *S.E.C. v. Kenneth Bove & Co.,* 451 F.Supp. 355 (S.D.N.Y.1978) the court expressed the view that the representation of the trustee by his own law firm is problematic because of the "commingling of interests which occurs when a trustee's lawyers also are his law partners, and they share one another's fee."

The Court stated that a court "should be able to rely on the trustee for assistance in assessing the necessary expenses of administration. Yet a trustee who is represented by his own firm disables himself from offering such assistance with respect to the application for counsel fees. Thus, although the trustee is not prohibited from utilizing his own firm, to do so causes serious problems when compensation is sought." See also *Knapp v. Seligson,* supra.

The Court noted the additional problem of distinguishing the hours devoted to legal work from those devoted to non-legal services and focused on the conflicting interests of the trustee who employees his own firm, namely the desire for his firm to make a profit and his duty to act in the best interest of the estate.

Other courts which have considered the issue have expressed the same or similar concerns. In *In re Michigan Interstate Railway Co.,* 32 B.R. 325 (Bankr.E.D.Mich. 1983) the court noted that the practice of appointing the trustee's law firm as counsel should be severely limited so as to prevent abuse and the appearance of impropriety. The court noted also that one of the responsibilities of the trustee is to monitor legal fees and to object to any fee application where the fees requested are not appropriate, but an actual conflict of interest exists where the trustee must review his own firm's fees.

The court also expressed concerns about classification of services—legal services and services performed as part of trustee's duty in the case.

In *In re Butler Industries, Inc.,* 101 B.R. 194 (Bankr.C.D.Calif.1989) the trustee contended that "employment by the trustee of his own law firm should not be denied, absent compelling reasons." However, the court held that, although a trustee generally has wide latitude in selecting attorneys to represent him, he must meet a higher standard when he requests that he or his own law firm be hired for that purpose.

The court expressed concerns regarding the monitoring of legal fees, the classification of services, and the trustee's conflict of interest in those matters when his own firm represents him.

The court held that "a trustee must make a showing of cause to justify the appointment of his or her own law firm as the trustee's legal counsel."

The same concerns were expressed by the bankruptcy court in *In re Gem Tire & Service Co.*, 117 B.R. 874 (Bankr.S.D.Tx.1990). The court stated that a trustee "holds a fiduciary obligation to the debtor's estate and its creditors and therefore cannot place himself in a position which would give the appearance of impropriety or be a conflict of interest." Therefore a trustee has to show cause to justify employing his own firm.

The *Butler* court listed four typical situations where cause might exist to appoint a trustee's own firm:

1. Where the estate's assets consist principally of causes of action and legal counsel would have to look to recovery for payment of fees;

2. Where there is relatively little legal work to perform and thus it does not merit the effort and expense of hiring an outside law firm;

3. Where a substantial legal action must be taken immediately, and the trustee cannot wait for completion of the appointment process for outside counsel;

4. Where the trustee can demonstrate that such appointment will result in a substantial reduction of costs to the estate.

None of the above cited cases discusses the possibility of a malpractice claim by the trustee against his own law firm and his disincentive to pursue such claim; however, that is a theoretical concern of this court. The court intends no negative implications regarding Mr. Thaler or his law firm.

■ If a trustee who is a partner of a law firm ought not seek to retain his own law firm to represent him absent compelling circumstances, *a fortiori* an associate of a law firm ought not be permitted to retain his employer as his attorney.

The servant/master relationship between this trustee and his employer, the proposed attorneys, is utterly inconsistent with the master/servant relationship of client and attorney. See: *The Lawyer's Code of Professional Responsibility* adopted by the New York State Bar Association Canons 5, 7 and 9.

The application is denied.