**In re Andrew DERGANCE, Sr., Debtor.**

**Bankruptcy No. 97 B 11775.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

March 20, 1998.

Kenneth A. Kozel, Petz and Kozel, La-Salle, IL, for Debtor.

David E. Grochocinski, Kathleen McMahon, Grochocinski & Grochocinski, Palos Heights, IL, for Respondent.

Thomas B. Sullivan, trustee.

### MEMORANDUM OPINION ON DEBTOR'S MOTION TO RECONSIDER ORDER APPROVING TRUSTEE'S APPLICATION TO EMPLOY ATTORNEYS

JACK B. SCHMETTERER, Bankruptcy Judge.

This proceeding relates to the bankruptcy case filed by Andrew G. Dergance, Sr. ("Debtor" or "Dergance") under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* ("Code") on April 19, 1997. Thomas Sullivan ("Trustee") was appointed Chapter 7 Trustee. On September 19, 1997, Trustee brought a motion to employ Grochocinski & Grochocinski ("Grochocinski") as counsel for the estate so as to pursue a suit against Debtor's daughter to recover from her a transfer of property from Debtor that was alleged to have defrauded creditors. Grochocinski's appointment was approved over Debtor's objection. On October 7, 1997, Debtor filed a motion to reconsider, arguing that the Trustee failed to establish sufficient facts to justify the appointment of a law firm in which the Trustee is "of counsel." For reasons stated below, Debtor's motion is denied.

### Jurisdiction

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. Venue lies properly under 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### Discussion

Bankruptcy Code § 327 governs employment of professional persons in a bankruptcy proceeding, and provides in relevant part:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys ... that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title....

...

(d) The court may authorize the trustee to act as attorney ... for the estate if such authorization is in the best interest of the estate.

11 U.S.C. § 327(a) and (d). The Debtor does not contend that Grochocinski fails to meet this standard. Rather, Debtor argues that Trustee should not be permitted to employ Grochocinski because they are in the same law firm. He contends that, absent a showing of cause, no trustee should be allowed to employ his own or her law firm as counsel.

Debtor relies on the Trustee being "of counsel" to the Grochocinski firm. Trustee responds that he does not ever share in any profits or control that firm. Debtor's position is that profit sharing and control are not required for his position to prevail. "Of counsel" is defined to include a "retired or semi-retired member of a law firm, or outside attorney that only does occasional or special legal work for the firm." *Black's Law Dictionary*, 6th Ed. at 1008; *Mutual of Omaha Ins. Co. v. Chadwell*, 426 F.Supp. 550, 553 n. 1 (N.D.Ill.1977). This comports with the relationship asserted by the Trustee.

■ Any trustee is held to a high standard when seeking to appoint either himself or his law firm as attorney. *In re Butler Indus., Inc.,* 101 B.R. 194, 196 (Bankr.C.D.Cal.1989), *aff'd,* 114 B.R. 695 (C.D.Cal.1990). Appointment of a trustee's own law firm has sometimes been found to be an exception to the rule that a trustee has wide latitude to employ professionals. *In re Cee Jay Discount Stores, Inc.,* 171 B.R. 173, 176 (Bankr. E.D.N.Y.1994) (trustee should only be approved where special circumstances justify appointment).

■ However, bankruptcy trustees certainly are not per se barred from employing their law firms as counsel for estates. *Butler,* which Debtor cites as authority, discusses two of the problems sometimes found to arise with hiring a trustee's firm as counsel. 101 B.R. at 196. First, the trustee has a statutory duty to object to fees where the requested fees are inappropriate; therefore a conflict of interest could arise if the trustee's law firm's fee petition is at issue. *Id.* Second, an attorney is only entitled to compensation for legal services and not administrative duties of the trustee; thus, there is a risk of compensation of a lawyer for trustee work where a trustee employs his or her own law firm. *Id.* at 197. However, *Butler* found certain situations where cause is usually shown for approval of appointment of a trustee's law firm as counsel. One such situation arises "where the estate's assets consist principally [of] causes of action, such as preferences and fraudulent conveyances, and legal counsel would have to look to the recovery for payment of fees." *Id.* Another is "where the trustee can demonstrate that such appointment will result in a substantial reduction of costs to the estate." *Id.; see also In re Showcase Jewelry Design Ltd.,* 166 B.R. 205, 207 (Bankr.E.D.N.Y.1994).

The Trustee argues that the appointment of Grochocinski is appropriate for those reasons and more. The only known "asset" in Debtor's estate is the asserted fraudulent conveyance cause of action. There is no guarantee that the Grochocinski firm will receive any compensation for its legal service in this matter. It will have to look to the potential recovery for compensation. More-over, its appointment is in the economic interest of the bankruptcy estate since the Trustee and Grochocinski have frequently worked together efficiently and they can easily and efficiently communicate with one another.

In addition, there are certain factors that reduce or eliminate any possible conflict arising out of this appointment. First, while the Trustee is of counsel to Grochocinski, he is neither an employee nor a member of the firm. He does not share in any of the firm's compensation. Second, Grochocinski will be performing only legal services while the Trustee will be performing administrative services. Thus, there should be no duplication of services. Moreover, the work of lawyers and trustees is reviewed by the Court before final fees are allowed to see that no such duplication occurred or will be compensated. Third, the Trustee and Grochocinski have particular expertise in the bankruptcy field. Thus, Grochocinski's appointment would be in the best interest of estate efficiency.

Citing *In re Offutt,* 45 B.R. 80 (Bankr. W.D.Ky.1984), Debtor argues that Trustee's use of boilerplate language in his application is insufficient to justify counsel's appointment. However, the court in *Offutt* noted that case was a routine "no assets" proceeding. As there were no preference or fraudulent conveyance actions or other litigation in *Offutt* requiring a trustee's intervention, the application to appoint counsel was be denied. *Id.* at 81–82. In contrast, the Trustee here seeks to employ counsel to pursue just such an action.

It is clear that appointment of the Grochocinski firm as counsel for the estate to pursue this fraudulent conveyance action is in the best interest of the estate and poses little, if any, risk of interest conflict. Debtor's objection seeks to block retention of the only counsel likely to take the suit against his daughter on a contingency basis, and thus seeks to defeat the action by defeating the lawyer. His position has no merit.

### CONCLUSION

For reasons stated above and pursuant to Order separately entered, Debtor's motion to

vacate the order approving Trustee's counsel is denied.