**In re Raul VEGA, Debtor.**

**Bankruptcy No. 385–30350–HCA–7.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

April 7, 1989.

———

Kevin S. Wiley, Chapter 7 Trustee, Chapman, Reese & Wiley, Dallas, Tex., pro se.

William S. Parkinson, Attorney–Advisor, U.S. Dept. of Justice, Office of the U.S. Trustee, Dallas, Tex., for U.S. Trustee.

H. DeWayne Hale, Hale, Spencer, Stanley, Pronske, & Trust, P.C., Dallas, Tex., for Ruebin Matticx.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON THE ORDER TO SHOW CAUSE UPON MOTION TO REMOVE TRUSTEE AND RECOMMENDATION TO UNITED STATES DISTRICT COURT

HAROLD C. ABRAMSON,
Bankruptcy Judge.

This cause came before the Court upon the Order to Show Cause upon the Motion to Remove Trustee Pursuant to 11 U.S.C. § 324. The Court has heard the evidence and arguments of counsel. The Court has also reviewed the entire record in this case. The Court has, for administrative reasons, previously entered an Order effecting the remedies to be imposed in this case. However, based upon the evidence, arguments, and review by this Court, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. This is a core proceeding under the provisions of 28 U.S.C. § 157(b)(2)(A) and 28 U.S.C. § 157(b)(2)(O).

2. Kevin S. Wiley was appointed as Chapter 7 trustee in the above entitled case and was the only person to serve in that capacity.

3. Kevin S. Wiley was a member of the law firm of Chapman, Reese & Wiley at all times in question.

4. In his capacity as Chapter 7 trustee, Kevin S. Wiley solicited a borrowing of monies from certain creditors and other parties in this case for the purpose of funding a lawsuit which was an asset of the estate.

5. On or about September 23, 1988, this Court entered an Order which allowed Kevin S. Wiley to borrow on behalf of the estate certain funds for the purpose of conducting a lawsuit.

6. A party agreed to loan to Kevin S. Wiley, in his capacity as Chapter 7 trustee, the sum of $50,000.00, and caused to be delivered to Kevin S. Wiley's custody and control said sum to be utilized by the estate to finance certain litigation.

7. Kevin S. Wiley invested these funds at a local financial institution in two certificates of deposit.

8. At this same institution, Kevin S. Wiley caused to be created a loan obligation on which he, as "Trustee", a designation other than in his capacity as trustee in the bankruptcy case, and one Judy Duncan, as "Receiver", were obligated. Judy Duncan was a CPA who Wiley characterized as a paraprofessional. Her services were independently contracted for by Kevin S. Wiley in the course of his duties as trustee in bankruptcy. The Court finds that Judy Duncan was a professional as defined in the Bankruptcy Code, not a paraprofessional.

9. The aforementioned certificates of deposit were used to secure this loan obligation. The proceeds advanced by the financial institution on this loan obligation were delivered to the custody and control of Kevin S. Wiley. Kevin S. Wiley then caused to be delivered to his firm the sum of $25,000.00, and caused a like sum to be delivered to the possession of Judy Duncan, all without Court authorization.

10. At no time was any receiver appointed for this estate or for the lawsuit filed or to be filed by Wiley as trustee. In addition, Kevin S. Wiley was not appointed as trustee in any other capacity other than as trustee of this estate.

11. While these monies were in the possession of Kevin S. Wiley and his firm, they were applied to legal services performed in this or other cases, and were consumed by the firm in the course of the firm's general operations.

12. On or about November 1, 1988, this Court, at the request of Kevin S. Wiley, rescinded the Order of September 23, 1988.

13. At the time of these transactions, no Order had been entered which allowed Kevin S. Wiley, his firm, or Judy Duncan, or her firm, any commissions, fees, or distributions for services performed. At all times in question, neither Judy Duncan nor her firm were authorized by this Court to perform services for the Trustee. Similarly, no disclosure of any of these transactions were ever made of record in this case.

14. Kevin S. Wiley's transactions, in the name of trustee in the bankruptcy case, lent credence and respectability to the transactions with the European lender, and were false and misleading as to the designation of Judy Duncan as a Receiver when she was not such. They were false and misleading as to Mr. Wiley's use of the funds.

15. No monies would have been loaned or advanced to Kevin S. Wiley by the creditors and other parties-in-interest if he had not been in the capacity of Chapter 7 trustee of this estate.

16. Kevin S. Wiley is an experienced bankruptcy practitioner who is familiar with the fiduciary duties of a trustee, the duty to disclose all transactions with the estate, and the provisions of Title 11 regarding the payment of attorney's and professional fees.

## CONCLUSIONS OF LAW

1. As a result of his capacity as Chapter 7 trustee of this estate and the intent of the parties, the monies advanced by creditors and parties-in-interest were property of the estate.

2. The means employed by Kevin S. Wiley to solicit these funds and the manner in which they were handled were misleading in their effect, misrepresentative of the intentions of the parties, and intended to avoid the rules and procedures regarding payments of funds to trustees, professionals, and paraprofessionals.

3. The receipt of funds by Kevin S. Wiley and the firm of Chapman, Reese & Wiley was not authorized under 11 U.S.C. § 330 or any other provision of Title 11. As a result, Kevin S. Wiley and the firm of Chapman, Reese & Wiley are unlawfully in the possession of estate assets.

4. The distribution of estate assets without Court Order or any form of disclosure constitutes an unlawful diversion of estate assets.

5. The means employed by Kevin S. Wiley in the handling of these assets were grossly violative of the duties of a Chapter

7 trustee, the duties of a fiduciary, and the general principles of bankruptcy practice under Title 11 as known to Kevin S. Wiley. He in effect converted funds of the estate.

 6. The unauthorized receipt of estate assets, the misleading and misrepresentative means by which these funds were solicited and disbursed, the violation of his duties as a Chapter 7 trustee and as a fiduciary, and the unauthorized payment to professionals constitutes, under the provisions of 11 U.S.C. § 324(a), and 11 U.S.C. § 324(b), are cause for the removal of Kevin S. Wiley as trustee from this and all other cases in which he is serving as trustee.

7. The unlawful receipt and possession of estate assets by Kevin S. Wiley and the firm of Chapman, Reese & Wiley, renders them liable to the estate for these funds, but that the firm of Chapman, Reese & Wiley should only be responsible for the amounts which they actually received.

8. Kevin S. Wiley and the law firm of Chapman, Reese & Wiley are jointly and severally liable to turn over the sum of $25,000.00 to the Clerk of this Court within 30 days of the entry of this order, and Kevin S. Wiley is individually liable for the sum of $50,000.00, to be turned over to the Clerk of this Court within 30 days from the entry of this order.

9. Kevin S. Wiley, through the above actions, has caused damage to this estate and to the United States as to the costs of the litigation described above wherein the Justice Department participated through one of its attorneys. Mr. Wiley should be separately sanctioned for these damages in the sum of $10,000.00 to be paid over to the Clerk of this Court within 30 days of the entry of this order.

10. The nature of the actions of Kevin S. Wiley are grounds upon which to consider the imposition of further sanctions, including: (1) suspension of his right to conduct further practice in the United States Bankruptcy Court for the Northern District of Texas, and an injunction restraining his practice in such court; (2) recommendation to the United States District Court for the Northern District of Texas that he be removed from the rolls of practitioners in said Court permanently; (3) a report of the record herein to the State Bar of Texas; and (4) a report to the United States Attorney for the Northern District of Texas.