**In re MICHIGAN INTERSTATE RAILWAY COMPANY, INC., d/b/a Ann Arbor Railroad System, Debtor.**

**Bankruptcy No. 83–00054.**

United States Bankruptcy Court,
E.D. Michigan, S.D.

Aug. 16, 1983.

---

## MEMORANDUM OPINION

STANLEY B. BERNSTEIN, Bankruptcy Judge.

Issue:

Is it a proper exercise of this Court's discretion to appoint the trustee's firm as counsel for the trustee in a railroad reorganization case under Ch. 11 of the Bankruptcy Code?

Analysis:

The trustee, W. Clark Durant, III (Durant or trustee), was appointed by this Court to serve as successor trustee for the Michigan Interstate Railway Company, Inc. (Railway). (As a Ch. 11 case filed under the railroad reorganization provisions of the Code, Durant was one of five persons nominated by the Secretary of the U.S. Department of Transportation under 11 U.S.C. § 1163 to serve as trustee.) For several months Durant chose not to make application to have counsel appointed to represent him. He relied upon counsel for the interim trustee whom he succeeded for his representation.

Durant's present application was triggered by this Court's prior order authorizing the payment of initial interim fees based upon the funds deposited into his trustee-ship accounts. The interim fees represented an allowance of approximately one-fourth of what he requested. The trustee's application was for an appointment of his firm *nunc pro tunc* to the date of his appointment. It is beyond dispute that the statutory formula under 11 U.S.C. § 326(a) works a hardship in a labor-intensive case in which the revenues are modest. Durant was warned of that difficulty before he was offered and accepted the appointment.

There is no doubt that the trustee's activities may exceed management services and may fall into the domain of legal services. The trustee has not drafted any pleadings, but he has had to engage in the analysis of issues requiring perhaps legal acumen. And in making certain business decisions, he has had to consider their legal consequences. Nevertheless, the line between management and legal services is anything but bright. The temptation to describe time charges as legal rather than managerial is too tempting, especially when "legal" time can be compensated on an hourly basis and "managerial" time can not. The Court does not suggest that the trustee would deliberately misrepresent his time, but it would be naive to hold that on marginal matters, the trustee would not tend to classify the services as legal rather than as managerial. This Court should not be put to the time-consuming task of second-guessing the trustee's classifications.

The trustee argues that he will save the estate significant amounts of administrative expense if he acts as his own counsel— he does not have to explain the transactional history of each legal matter to himself as he would to another professional. There is also the convenience in consulting with his partner and associates.

To be sure, the Code does authorize a trustee to be appointed as his own counsel under 11 U.S.C. § 327(d), if such appointment is in the best interest of the estate. That practice must, however, be severely limited so as to prevent abuse and the appearance of impropriety. In Ch. 7 estates of modest assets, such appointments may be more efficient and less troublesome. In a major and difficult case such as a railroad reorganization, this Court is of the opinion that appointing a trustee's firm as his own counsel is a very questionable practice.

In this case, neither the trustee nor his firm has any expertise in bankruptcy reorganizations. The firm primarily does insurance defense and general commercial litigation. The partners in the firm do enjoy a reputation for integrity, and it was upon that basis the appointment was made. To be sure, Durant was nominated by the Secretary of Transportation in part because of his active participation in Republican politics, but there is nothing improper in partisan considerations by Ms. Secretary Dole provided that the nominees are otherwise honest and competent. Durant was the most eager and available nominee.

In so novel a case as a railroad reorganization under the Bankruptcy Code, the trustee may have need of special counsel having expertise on a variety of railroad law-matters, but the primary expertise will remain bankruptcy reorganization law. Since that is not a specialty of the trustee's partners and associates,

The trustee's application is DENIED.

SO ORDERED.