**In re BUTLER INDUSTRIES, INC. Debtor.**

**Bankruptcy No. LA 89–06281–SB.**

United States Bankruptcy Court, C.D. California.

June 13, 1989.

---

Herb Wolas, Wolas, Soref & Ickowicz, Los Angeles, Cal., interim Chapter 7 trustee.

Davis von Wittenberg, Los Angeles, Cal., U.S. Trustee.

## OPINION RE APPOINTMENT OF COUNSEL FOR TRUSTEE

SAMUEL L. BUFFORD, Bankruptcy Judge.

## I. INTRODUCTION

This motion for reconsideration raises the issue of whether a Chapter 7 trustee's own law firm is eligible for appointment as counsel for the trustee, and the circumstances under which such appointment is permitted.

■ The Court holds that a trustee must make a showing of cause to justify the appointment of his or her own law firm as the trustee's legal counsel. In this case the trustee has not made a sufficient showing. In consequence, the motion to reconsider the Court's prior denial of appointment of the law firm is denied.

## II. FACTS

Four creditors of Butler Industries, Inc. ("Butler") filed an involuntary case against Butler under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 et seq. (1979 & Supp.1989), on March 27, 1989. Herbert Wolas was appointed as interim Chapter 7 trustee for the debtor's estate on March 30, 1989. Butler failed to file opposition to the involuntary petition, and an order for relief was entered on April 21, 1989.

Pursuant to the procedures under Guideline No. 6 of the guidelines promulgated by the United States Trustee for the Central District of California, Wolas lodged an application to employ counsel with the United States Trustee on April 10, 1989. This application sought the employment of Wolas, Soref & Ickowicz ("WSI"), a professional corporation of which the trustee is a member. The application stated that the trustee needs legal counsel for four purposes: (1) to collect more than $2.5 million in outstanding accounts receivable; (2) to assist in the drafting of documentation for the sale of some $12 million in assets; (3) to file actions to set aside preferential transfers and fraudulent conveyances, and to attack other transactions subject to the trustee's avoiding powers; and (4) to negotiate with the principal secured and unsecured creditors in connection with the disposition of the assets.

■ The trustee gave very little support in his application for the appointment of his own law firm, as opposed to the employment of unrelated counsel. In the application he stated:

The employment of this firm will avoid duplication of services rendered to the estate which would be in the best interest of the estate in that charges for fees and services will be minimized.

No evidence was offered to support this allegation.

After the United States Trustee indicated no objection to the application, it was lodged with the Court on April 11, 1989. On the following day the application was denied by the Court, by order entered on April 17, 1989.

In his motion to reconsider, the trustee states that he selected his own firm as counsel, "inasmuch as employment of the firm would avoid duplication of services, result in a smoother administration of the estate at a reduced cost to the estate than might otherwise be the case through the employment of other counsel."

## III. ANALYSIS

Bankruptcy Code § 327(a), 11 U.S.C. § 327(a) (1979), authorizes the trustee to employ legal counsel:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys ... that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent ... the trustee in carrying out the trustee's duties under this title.

The propriety of the trustee's employment of legal counsel in this case is clear.

The trustee contends, without citing any authority, that "employment by the trustee of his own law firm should not be denied, absent compelling reasons." This is not the law. While the trustee generally has wide latitude in choosing his or her own attorney, subject to appointment by the court, the trustee must meet a higher standard when the trustee seeks to appoint himself or his own law firm as attorney.

The appointment of a trustee as legal counsel for the estate is governed by section 327(d), which provides:

> The court may authorize the trustee to act as attorney ... for the estate if such authorization is in the best interest of the estate.

Bankruptcy Rule 2014(b) specifies the consequence to a trustee's law firm of the appointment of the trustee as counsel:

> If, under the Code and this rule ... a named attorney ... is employed, any partner ... or regular associate of the ... individual may act as attorney ... so employed, without further order of the court.

Under this rule, the appointment of a trustee as counsel for the estate is the functional equivalent of the appointment of the trustee's law firm.

The legislative history of section 328(b) [1], which prohibits double payment to a trustee acting as his or her own counsel, states:

> The purpose of permitting the trustee to serve as his own counsel is to reduce costs. It is not included to provide the trustee with a bonus by permitting him to receive two fees for the same service or to avoid the maxima [for trustees fees] fixed in section 326.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 329, *reprinted in* 1978 U.S.Cong. & Admin. News 5963, 6285; S.Rep. No. 989, 95th Cong., 2d Sess. 39, *reprinted in* 1978 U.S. Code Cong. & Admin.News 5787, 5825.

Apparently the only opinion to address the limitations imposed by "the best interest of the estate" is *In re Michigan Interstate Railway Co.*, 32 B.R. 325 (Bankr.E.D. Mich.1983), where the court was asked to appoint the trustee's law firm as counsel to the trustee in a Chapter 11 railroad reorganization. The court denied appointment of the trustee's law firm because neither the trustee nor his firm had any expertise in bankruptcy reorganization.

In analyzing section 327(d) in that opinion Judge Bernstein reasoned that the practice of appointing a trustee or the trustee's law firm as counsel for the trustee "must ... be severely limited so as to prevent abuse and the appearance of impropriety." *Id.*, at 326. Judge Bernstein further reasoned:

> In a major and difficult case such as a railroad reorganization, this Court is of the opinion that appointing a trustee's firm as his own counsel is a very questionable practice.

There is good reason to require a bankruptcy trustee to employ unrelated counsel, absent unusual circumstances. One of the responsibilities of a trustee is to monitor all legal fees in the bankruptcy case, including those of the trustee's own legal counsel. The trustee has a statutory duty to object to any fee application where the fees requested are not appropriate. Bankruptcy Code § 704(5), 11 U.S.C. § 704(5) (Supp. 1989). However, where the trustee's own law firm is appointed as his legal counsel, he is interested in obtaining the largest fee recovery on behalf of his firm. This presents an actual conflict of interest for the trustee.

An additional complication arises when a trustee is appointed as his or her own attorney. An attorney is entitled to compensation only for legal services, as opposed to administrative duties of the trustee. Bankruptcy Code § 328(b), 11 U.S.C. § 328(b)

---

1. Bankruptcy Code § 328(b), 11 U.S.C. § 328(b) (1979), provides:
   If the court has authorized a trustee to serve as an attorney or accountant for the estate under section 327(d) of this title, the court may allow compensation for the trustee's services as such attorney or accountant only to the extent that the trustee performed services as attorney or accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate.

(1979); *In re McKenna,* 93 B.R. 238, 240–42 (Bankr.E.D.Cal.1988); *In re King,* 88 B.R. 768, 770 (Bankr.E.D.Va.1988); *In re Taylor,* 66 B.R. 390, 392–94 (Bankr.W.D. Pa.1986); *In re Wilmon,* 61 B.R. 989, 990 (Bankr.W.D.Pa.1986). Where the trustee or the trustee's law firm is appointed as the trustee's own attorney, there is a substantial temptation for the trustee to charge administrative duties as legal services, and thereby to attempt to obtain double compensation.[2] *Michigan Interstate Railway, supra,* at 326. On marginal matters, at least, the trustee would tend to classify the services as legal rather than managerial. *Id.* It is less likely that an outside law firm will undertake administrative duties for a trustee, and shoulder the risk of disallowance of its fees for these services. While the appointment of outside counsel for a trustee does not eliminate this problem, it reduces the problem substantially.

In light of the foregoing considerations, and bearing in mind the severe limitation to be placed on the use of section 327(d), the Court holds that a trustee must show "cause" to justify the appointment of the trustee or the trustee's law firm as counsel under section 327(d).

While each appointment application must be considered on its own merits, there are certain situations where cause may usually be shown for the appointment of the trustee's own law firm as his or her counsel. One typical situation arises where the estate's assets consist principally in causes of action, such as for preferences and fraudulent conveyances, and legal counsel would have to look to the recovery for payment of fees. A second typical situation is where there is relatively little legal work to perform, which does not merit the effort and expense of hiring an outside law firm. *See, Michigan Interstate Railway, supra,* at 326. A third situation arises where sub-

stantial legal action must be taken immediately, and the trustee cannot wait for the completion of the appointment process for outside counsel. A fourth is where the trustee can demonstrate that such appointment will result in a substantial reduction of costs to the estate. The trustee has not shown that this case involves any of these situations.

■ Because of the policy to limit severely the appointment of a trustee as counsel for the estate, creditors and other parties in interest should be given notice and an opportunity to be heard before such an appointment is made. In consequence, any trustee seeking his or her own appointment (or the appointment of his or her law firm) as counsel for the estate should make a motion on notice to all creditors,[3] pursuant to local motion practice.[4]

### IV. CONCLUSION

In this case the trustee has not made an adequate showing of cause for the appointment of his law firm as his legal counsel. Accordingly, the motion to reconsider is denied.

---

2. The temptation to charge administrative services as legal expenses, where the trustee employs his or her own law firm, is not merely theoretical. The Court has recently denied fees for another trustee's law firm, where it appeared that all of the services performed by the law firm were administrative in nature.

3. In appropriate circumstances a trustee may apply for an order limiting notice.

4. If the trustee needs interim counsel before the motion can be heard, the trustee may apply for the appointment of interim counsel pending court action on the motion.