**In re KURTH RANCH; Kurth Halley Cattle Company; Richard M. and Judith Kurth, husband and wife; Douglas M. and Rhonda I. Kurth, husband and wife; and Clayton H. and Cindy K. Halley, husband and wife, Debtors.**

**Bankruptcy No. 88–40629.**

United States Bankruptcy Court,
D. Montana.

Dec. 12, 1989.

---

**3.** The plaintiff *"Ellis"* in each of these cases is    the same William S. Ellis, Jr., the debtor here.

See also, Bkrtcy., 97 B.R. 33.

John Doubek, Helena, Mont., for debtor.

Goetz, Madden & Dunn, Bozeman, Mont., Former Atty., for debtor.

Robert G. Drummond, Great Falls, Mont., trustee.

John P. Paul, Great Falls, Mont., for Farm Credit Services.

Arthur G. Matteucii, Great Falls, Mont., for Norwest Bank Great Falls.

R. Bruce McGinnis, Office of Legal Affairs, Helena, Mont., Tax Counsel, for Mont. Dept. of Rev.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

The Trustee's attorney, on behalf of the Trustee as counsel, has filed an application for award of attorney fees incurred from December 22, 1988 to February 1, 1989. Objection to the application has been filed by the Assistant U.S. Trustee on the basis that the application includes fee requests for ordinary Trustee duties.

The application follows an Order of this Court entered February 2, 1989, wherein the law firm of which the Trustee is a member, was disqualified from acting as attorneys for the estate because the firm did not qualify under § 327(a) of the Bankruptcy Code. The factual basis for disqualification was not revealed in the attorney's petition for appointment when the Court entered an Order on December 22, 1988, appointing the law firm as attorneys for the Trustee. The disqualification matter arose upon objection of the Debtors filed after the Order of December 22, 1988.

While no objection has been made by the Assistant U.S. Trustee to an award of any fee, by reason of disqualification, it is necessary at the outset to consider two prevailing views with regard to award of at-

torney fees where the Trustee is acting as his own counsel, or is a member of the law firm appointed to represent the estate. *In re Butler*, 101 B.R. 194 (Bankr.C.D.Cal. 1989), discusses in detail the rule with regards to appointment of the Trustee, or his law firm, as counsel for the estate. The Court concluded:

"While the trustee generally has wide latitude in choosing his or her own attorney, subject to appointment by the court, the trustee must meet a higher standard when the trustee seeks to appoint himself or his own law firm as attorney.

\* \* \* \* \* \*

There is good reason to require a bankruptcy trustee to employ unrelated counsel, absent unusual circumstances. One of the responsibilities of the Trustee is to monitor all legal fees in the bankruptcy case, including those of the trustee's own legal counsel. The trustee has a statutory duty to object to any fee application where the fees requested are not appropriate. Bankruptcy Code § 704(5), 11 U.S.C. § 704(5) (Supp.1989). However, where the trustee's own law firm is appointed as his legal counsel, he is interested in obtaining the largest fee recovery on behalf of his firm. This presents an actual conflict of interest for the trustee.

An additional complication arises when a trustee is appointed as his or her own attorney. An attorney is entitled to compensation only for legal services, as opposed to administrative duties of the trustee. Bankruptcy Code § 328(b), 11 U.S.C. § 328(b) (1979); *In re McKenna*, 93 B.R. 238, 240–42 (Bankr.E.D.Cal. 1988); *In re King*, 88 B.R. 768, 770 (Bankr.E.D.Va.1988); *In re Taylor*, 66 B.R. 390, 392–94 (Bankr.W.D.Pa.1986); *In re Wilmon*, 61 B.R. 989, 990 (Bankr. W.D.Pa.1986). Where the trustee or the trustee's law firm is appointed as the trustee's own attorney, there is a substantial temptation for the trustee to charge administrative duties as legal services, and thereby attempt to obtain double compensation. [In re] *Michigan Interstate Railway*, supra, at 326 [32 B.R.

325 (E.D.Mich.1983) ]. On marginal matters, at least, the trustee would tend to classify the services as legal rather than managerial. *Id.* It is less likely that an outside law firm will undertake administrative duties for a trustee, and shoulder the risk of disallowance of its fees for these services. While the appointment of outside counsel for a trustee does not eliminate this problem, it reduces the problem substantially.

In light of the foregoing considerations, and bearing in mind the severe limitation to be placed on the use of section 327(d), the Court holds that a trustee must show 'cause' to justify the appointment of the trustee or the trustee's law firm as counsel under section 327(d)." *Id.* at 196.

Of course, the U.S. Trustee's objections in this case touches upon the very problem outlined above by the *Butler* court.

■ However, exceptional circumstances can be shown to exist which would trigger the "cause" criteria under § 327(d). As noted by *Butler*, there may be cause shown under circumstances where substantial legal action must be taken immediately, and the Trustee cannot wait for the completion of the appointment process for outside counsel. *Id.* at 197. As I read the Trustee's memorandum in support of his position for award of attorney's fees, it is arguable that impending or immediate legal action confronted the Trustee at the inception of the case, particularly with regard to recovery of cash secreted by the Debtors.

■ Another matter which must be considered is the holding of *In re Sixth Ave. Car Care Center*, 81 B.R. 628 (Bankr.Colo. 1988), where the Trustee's law firm was denied compensation because the law firm failed to reveal potential conflicts of interest to the court at the outset of the appointment process. The Court there found the conduct "egregious." *Id.* at 632. In the case at bar, the finding of disqualification in the Order of February 2, 1989, was not clear or apparent on December 22, 1988, so as to render disqualification equivalent to denial of all fees.

■ Finally, then, we come to objections of the U.S. Trustee. I conclude after ex-

amination of the affidavit of the Trustee on behalf of his law firm that there has been a lack of showing, either by the affidavit or testimony on the record, that the services were legal, rather than administrative. The entire affidavit presupposes that each activity was in fact legal services. Therefore, the affidavit simply does not detail the necessity or nature of legal, as opposed to administrative, duties. I conclude it is not incumbent upon the Court, especially in light of objection filed to the application, to guess as to the purported legal services. For example, numerous entries simply detail conference, telephone calls, review of motion, travel to the ranch, attending hearings, dictate letters, etc. As noted in *In re Smith*, 6 Mont.B.R. 231, 232, 109 B.R. 221 (Bankr.Mont.1989), the Bankruptcy Court must "determine the nature and extent of the services provided with reference to the records submitted" so that it can explain the findings and reasons for the award. I simply cannot do so on the present record in light of the U.S. Trustee's objections.

IT IS ORDERED the Application for Payment of Trustee's Previous Attorneys is denied on the basis of the objections filed by the Assistant United States Trustee.