## In re BUTLER INDUSTRIES, INC., Debtor.

### Appeal of Herbert WOLAS, Chapter Seven Trustee.

CV 89–4868 WJR.
Bankruptcy No. LA–89–06281–SB.

United States District Court, C.D. California.

May 24, 1990.

Herbert Wolas, Chapter 7 Trustee, Los Angeles, Cal.

## MEMORANDUM DECISION AND ORDER

REA, District Judge.

### I.  INTRODUCTION

In order to rule on this appeal from a decision of the bankruptcy court, this court must determine under what circumstances a trustee in bankruptcy may appoint a law firm of which the trustee is a member to provide legal services for the bankruptcy estate the trustee is administering.

Appellant, Herbert Wolas, is the trustee for an estate in bankruptcy.  In his capacity as trustee for the estate, Appellant applied to the bankruptcy court requesting that the law firm of which he is a partner, namely, Wolas, Soref and Ickowicz (WSI), be appointed as legal counsel for the estate.  The bankruptcy court denied Appellant's motion, and stated that "a trustee must show 'cause' to justify the appointment of the trustee or the trustee's law firm as counsel under section 327(d)."  *In re Butler Industries, Inc.*, 101 B.R. 194, 197 (Bankr.C.D.Cal.1989).

Appellant contends that the bankruptcy court's holding that a trustee must show "cause" in order to employ the trustee's law firm to represent the estate sets a higher standard for representation by such

a law firm than is required by bankruptcy code sections 327(a) or 327(d). 11 U.S.C.A. §§ 327(a), 327(d) (West 1979). Appellant argues that the bankruptcy court's analysis and application of the law was therefore erroneous.

Furthermore, Appellant contends that the bankruptcy court abused its discretion when it denied his application to have his law firm appointed to represent the estate inasmuch as the facts and circumstances of this case justify the appointment pursuant to the "cause" standard.

## II. FACTUAL BACKGROUND

Debtor was an "air frame" contractor who performed work for the U.S. government and general contractors. On or about March 27, 1989, an involuntary bankruptcy petition was filed by creditors of the Debtor pursuant to the provisions of 11 U.S.C. sections 303(a), 303(b), and sections 701–728. 11 U.S.C.A. §§ 303(a), 303(b) (West 1979), 11 U.S.C.A. §§ 701–728 (West 1979 & Supp.1989).

On or about March 30, 1989, the Office of the United States Trustee (U.S. Trustee) appointed Appellant as the qualified and acting interim Trustee for Debtor's estate. Immediately following his appointment, the attorneys for creditors B.T. Commercial Corporation and Banker's Trust Company advised Appellant that in order to preserve the highest value of the estate for the benefit of creditors it was necessary to liquidate the assets of the estate immediately. B.T. Commercial Corporation was the only secured creditor of the Debtor's estate holding a secured claim in excess of ten million dollars ($10,000,000). Banker's Trust Company is a national banking association and was the largest unsecured creditor of Debtor's estate, holding a claim of approximately nine million dollars ($9,000,-000). The creditors informed Appellant that any delay in selling debtor's company and its assets would make it virtually impossible for ongoing projects to be completed under existing contracts, or for timely bids to be submitted on potential contracts. Delay would therefore greatly diminish the value of the estate's holdings. Appellant was advised that the prompt liquidation of the estate could be accomplished with an order of the bankruptcy court authorizing the Trustee to dispose of the estate's assets by auction.

Appellant filed an Application of Trustee to Employ Counsel with the U.S. Trustee on April 9, 1989. In that application, Appellant sought to employ WSI as legal counsel for the estate.

On April 10, 1989, the U.S. Trustee approved the application and transmitted it to the bankruptcy court seeking an order approving the appointment of WSI.

While the application was pending before the U.S. Trustee, and in consideration of the diminishing value of the estate, Appellant retained WSI to file an emergency motion in the bankruptcy court seeking an order authorizing the trustee to employ an auctioneer to sell the assets of the estate to the highest bidder. The emergency motion was filed on April 13, 1989.

The bankruptcy court denied the Application of Trustee to Employ Counsel on April 12, 1989. Appellant asserts that he did not receive notice of the denial until after the filing of the emergency motion.

Upon receipt of the bankruptcy court's order denying the application to appoint WSI as attorney for the estate, Appellant filed a Motion for Reconsideration on April 21, 1989.

Pending the hearing on the Motion for Reconsideration, Appellant continued to administer the estate, and sold the tangible personal property of the debtor for more than ten million dollars ($10,000,000).

A hearing on the reconsideration motion was held on May 16, 1989. On June 13, 1989, the bankruptcy court denied Appellant's Motion for Reconsideration. *See Butler*, 101 B.R. 194. Appellant has appealed the decision to this court, having refused to consent to the jurisdiction of the United States Bankruptcy Appellate Panel for the Ninth Circuit. The case comes before this court under 28 U.S.C. section 158 and bankruptcy rule 8001. 28 U.S.C.A. § 158 (West Supp.1989), 11 U.S.C.A. Rule 8001 (West Supp.1989).

## III.  THE STANDARD OF REVIEW

The bankruptcy court is given great discretion in ruling on a motion to appoint counsel for an estate.  The bankruptcy court's conclusions regarding the applicable law require a *de novo* review.  *In re American Mariner Industries, Inc.,* 734 F.2d 426, 429 (9th Cir.1984).

Bankruptcy rule 8013 provides that any issues of fact should be reviewed under the clearly erroneous standard.  11 U.S.C.A. Rule 8013 (West Supp.1989).  *See also, American Mariner,* 734 F.2d at 429 and *In re Comer,* 723 F.2d 737, 739 (9th Cir.1984).

## IV.  STATUTORY BACKGROUND

■  Bankruptcy rule 2014(b) provides:

"If, under the Code and this rule ... a named attorney ... is employed, any partner ... or regular associate of the ... [named attorney] may act as attorney ... so employed, without further order of the court."  11 U.S.C.A. Rule 2014(b) (West 1984).  Thus under bankruptcy rule 2014(b), the appointment of a trustee's law firm as counsel for the estate is the functional equivalent of employing the trustee as counsel for the estate.

Two sections of the bankruptcy code address the appointment of an attorney to represent an estate in bankruptcy, namely 11 U.S.C. section 327(a) and section 327(d). The bankruptcy court held that the "propriety of the trustee's employment of legal counsel in this case is clear" under section 327(a).  *Butler,* 101 B.R. at 195.  Therefore, this court need not address the requirements of section 327(a).

### 11 U.S.C. Section 327(d)

The appointment of a trustee as legal counsel for the estate is governed by bankruptcy code section 327(d), which provides that "The court may authorize the trustee to act as attorney ... for the estate if such authorization is in the best interest of the estate."  11 U.S.C. § 327(d) (West 1979).

The bankruptcy court's decision recites that the only authority addressing the limitations imposed by the "best interest of the estate" requirement under section 327(d) is the case of *In re Michigan Interstate Rail-*way Co., 32 B.R. 325 (Bankr.E.D.Mich. 1983).  In that case the court was asked to appoint the trustee's law firm as counsel for the estate in a Chapter 11 reorganization of a railroad.  The court denied appointment of the trustee's law firm, primarily because neither the trustee nor his firm had any experience in bankruptcy reorganization.  The court, however, discussed section 327(d), and stated that the practice of appointing a trustee or the trustee's law firm as counsel for the estate "must be severely limited so as to prevent abuse and the appearance of impropriety."  *Id.* at 326. The court in *Michigan* recognized that when a trustee also acts as counsel for an estate there is a temptation for the trustee to charge higher rates for administrative services by characterizing them as legal fees.  *Id.*  While the court in *Michigan* relied heavily on the lack of experience of the law firm in denying the trustee's motion to appoint his own law firm, the court also reasoned that a trustee facing the temptation to charge higher rates may not act in the best interest of the estate.

The legislative history of bankruptcy code section 328(b) (prohibiting double payment to a trustee acting as his or her own counsel) recites: "the purpose of permitting the trustee to serve as his own counsel is to reduce costs.  It is not intended to provide the trustee with a bonus by permitting him to receive two fees for the same service or to avoid the maxima [for trustees fees] fixed in section 326."  H.R.Rep. No. 595, 95th Cong., 1st Sess. 329, *reprinted in* 1978 *U.S.Code Cong. & Admin.News* 5963, 6285; S.Rep. No. 989, 95th Cong., 2d Sess. 39, reprinted in 1978 *U.S.Code Cong. & Admin.News* 5787, 5825.

The history of this related section of the bankruptcy code reflects the legislature's desire to avoid unnecessary expense which is not in the best interest of the estate, and acknowledges the potential for unnecessary expense when a law firm of which the trustee is a member is appointed.

## V.  THE BANKRUPTCY COURT'S STATUTORY ANALYSIS

■  The bankruptcy court's analysis of section 327(d) was correct.  The bankruptcy court interpreted the meaning of

"best interest of the estate" to include avoiding the conflict of interest that a law firm representing an estate may have when a member of the firm is the trustee of the estate. The bankruptcy court held that "a trustee must show 'cause' to justify the appointment of the trustee or the trustee's law firm as counsel under section 327(d)." *Butler*, 101 B.R. at 197.

The bankruptcy court's use of the term "cause" embodied the concept that a trustee must show why representation by the trustee's law firm would be in the best interest of the estate as opposed to representation by an independent law firm. The bankruptcy court, in applying section 327(d), determined that Appellant had not demonstrated sufficient "cause" to justify the appointment of WSI. The examples cited by the bankruptcy court in its decision to illustrate what is meant by "cause" are examples of situations in which the employment of the trustee as counsel for the estate, as opposed to the employment of outside counsel, would better serve the interest of the estate.[1] Applying de novo review, there was no error in the bankruptcy court's analysis of the law.

## VI. THE BANKRUPTCY COURT'S APPLICATION OF THE STATUTE TO THE FACTS

Having determined that the bankruptcy court properly interpreted the law, the court now undertakes to determine whether or not the law was properly applied to the facts of this case. As referenced above, the bankruptcy court's factual assessments are reviewed under the clearly erroneous standard.

In his motion to reconsider, Appellant stated that he selected his own firm as counsel "inasmuch as employment of the firm would avoid duplication of services, [and] result in a smoother administration of the estate at a reduced cost to the estate than might otherwise be the case through the appointment of outside counsel." (Motion for Reconsideration of Application by Trustee to Employ Counsel at 4.) The bankruptcy court considered this argument and rejected it. *Butler*, 101 B.R. at 195. The bankruptcy court also considered Appellant's claim that the estate's largest creditors favored the retention of his law firm, and that the estate's liquidated value as a business was in jeopardy inasmuch as contracts were not being performed or bid upon, but was unpersuaded.

Appellant argues that the appointment of his firm would save the estate money, but fails to establish in what manner or to what extent. While Appellant states that the creditors favored his law firm's appointment, he admitted at oral argument before this court that the creditors probably would not have opposed the appointment of another law firm. Further, Appellant argues that the value of the estate was decreasing, but fails to demonstrate why another law firm could not have safeguarded the value of the estate just as effectively as WSI. Safeguards against excess fee billing are built into the bankruptcy code. Those safeguards are irrelevant in this instance however, because the objective is to avoid the potential conflict problem, not to remedy the problem once it is encountered.

## VII. CONCLUSION AND ORDER

The bankruptcy court's decision was not contrary to the law, nor was it clearly erroneous.

IT IS HEREBY ORDERED that the decision of the bankruptcy court is AFFIRMED.

---

**1.** One typical situation arises where the estate's assets consist principally in causes of action, such as for preferences and fraudulent conveyances, and legal counsel would have to look to the recovery for payment of fees. A second typical situation is where there is relatively little legal work to perform, which does not merit the effort and expense of hiring an outside law firm. *See Michigan Interstate Railway, supra,* at 326. A third situation arises where substantial legal action must be taken immediately, and the trustee cannot wait for the completion of the appointment process for outside counsel. A fourth is where the trustee can demonstrate that such appointment will result in a substantial reduction of costs to the estate. *Butler,* 101 B.R. at 197.