**In re Dereck J. & Maureen GRUBEL, f/d/b/a Plaza Bake Shop, Debtors.**

**Bankruptcy No. 087–70401–21.**

United States Bankruptcy Court, E.D. New York.

July 1, 1991.

C. Steven Hackeling, Chapter 7 Trustee, Huntington, N.Y.

Neil Ackerman, Hempstead, N.Y., for Chapter 7 Trustee.

## OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

Before the Court is an application for compensation by the Chapter 7 Trustee, C. Steven Hackeling, Esq., and his attorney, Neil H. Ackerman, Esq. Mr. Hackeling is requesting a commission in the amount of $181.51; Mr. Ackerman is requesting a fee of $1,000, plus expenses of $80.85.

The United States Trustee opposes allowing any commission whatsoever to the Trustee because of what it terms his "clear neglect of his fiduciary responsibilities." (Statement of United States Trustee Regarding Final Applications For Compensation, p. 2). The Trustee does not object to the reimbursement of expenses requested by the attorney for the Trustee, but does object to compensating him for various services described as "clearly the duties of the Trustee" or for services the description of which is vague. The Trustee also suggests that certain services should be billed at a reduced rate and not at the firm's regular rates.

This is a voluntary Chapter 7 proceeding filed on May 5, 1987. Prior to filing, the Debtors had been in a partnership with Dr. Devendra Singh operating a bake shop from which they had withdrawn sometime before they filed. After the attorney for the Trustee demanded the turnover of all

partnership assets and profits from Dr. Singh, Dr. Singh, while denying any liability, offered to pay the Trustee the sum of $1,500 in order to settle and compromise the estate's potential claim against him. Acceptance of this offer was approved by the Court on November 9, 1987. In anticipation of such approval, a check was sent to the Trustee by Dr. Singh and received October 2, 1987. Since that date there has been no activity in the Court in this case other than a notice to creditors to file claims.

█ The United States Trustee opposes any commission to Mr. Hackeling because of the long delay in filing his final report. The United States Trustee says that Mr. Hackeling "neglected his fiduciary responsibilities by allowing this case to linger an inordinate length of time." This Court agrees. There is no reason why it has taken three years to dispose of this case on which essentially all the work, including the examination of claims, should have concluded three years ago. Accordingly, no commission will be allowed the Trustee.

█ Turning to the application of the Trustee's attorney, Mr. Ackerman, the Court notes that he states that based on his normal time charges the services he rendered have a monetary value of $1,622.50, but he is only requesting $1,000.00 in view of the size of the estate. However, despite the reduction being voluntarily made in the time charges, those time charges include work that should have been done by the Chapter 7 Trustee, exactly as the United States Trustee points out. In this category belong the charges for dictating draft of final report for trustee, the review of the final report, travel to the United States Bankruptcy Court for review of claims, travel to Bankruptcy Court to obtain copy of legal document, etc. One entry in particular merits commendation for candor but scarcely the $80 in compensation requested: "Gather information for Rev. & Prep. of final reports, could not locate final report, decided to redo—found draft of final report, rev. & edit."

So far as the Court can ascertain, the only work of value to the estate constitut-ing and meriting compensation at a professional rate is that performed by Mr. Ackerman in 1987 resulting in the offer of settlement and its acceptance. Total time spent was four and a half hours, which at Mr. Ackerman's then rate of $150 an hour, entitled him $675. Except for possibly another hour, all the balance of the entries appear to refer to work which should have been performed by the Trustee. Accordingly, Mr. Ackerman will be allowed $950 and his disbursements of $80.85.

The Court very much appreciates the meticulous examination the United States Trustee has made of this file and the help that it has been to this Court in reviewing the applications of the Trustee and of his attorney for compensation.