

Javaid I. Khan, pro se.

Damon & Morey (William Savino, of counsel), Buffalo, NY, for Douglas W. Marky, Trustee/respondent.

BERYL E. McGUIRE, Bankruptcy Judge.

Javaid I. Khan, the sole shareholder, former officer, and a creditor of this Chapter 7 debtor, has filed a motion to have the Chapter 7 trustee, Douglas W. Marky, removed from office. His affidavit accompanying the motion, sworn to in November of 1992, alleged in pertinent part:

3.  Douglas W Marky as an officer of the court has defrauded the debtor as a [*sic*] administrator, me as a creditor, and me as a sole shareholder.

4.  There was no 341 creditors and or equity holder meeting scheduled and or held, and he consented to the lifting of stay for Brondy, well aware that Brondy's claim was a disputed claim and he did not even show himself up at the court hearing so that his integrity could be questioned at such hearing.

5.  Douglas Marky interfered debtor's appeal for the express purpose of de-

**In re J I K INDUSTRIES, INC., Debtor.**

**No. 91–10107 M.**

United States Bankruptcy Court,
W.D. New York.

June 17, 1993.

frauding the debtor, creditors and equity shareholders. Such an appeal had merits.

6. Douglas W Marky from the day of his appointment till now, had refused to answer my questions, provide information in regard to the estate and its administration.

7. Douglas W Marky opposed the debtor's conversion to chapter 11, knowing well that it had the ability to stay in business.

8. Douglas W Marky consciously provided me and submitted to this court untruthful information in regard to debtor's inventory, its location and handling.

9. Douglas W Marky had not acted in any way in the best interest of the debtor, creditors and equity shareholders

10. On June 10, 1991 during a 341 meeting he assaulted me and stated there is no 341 meeting.

11. Douglas W Marky is RICO defendant arising out of his involvement in the debtor's case.

Khan supplemented the allegations by declaration dated December 28, 1992, which alleged, "1. Douglas W Marky's bond for the faithful performance of Trustee duties is only $2,000,000 whereas claims against his unfaithful performance and participation in the Schectman Wallach concocted scheme of racketeering are in excess of $16,500,000" and "2. The debtor is not in to bankruptcy for reason of market forces or under capitalization. The debtor's principal obligations are to me both as a creditor and equity shareholder. I want to be adequately protected. The debtor and myself, we both are victims of racketeering."

## I.

Section 324(a), Title 11 U.S.C., provides, "[T]he court, after notice and a hearing, may remove a trustee ... for cause." This is a core matter as that term is defined by section 157(b)(2)(A), Title 28 U.S.C., as to which this Court has jurisdiction by virtue of a general order of reference entered in the United States District Court for the Western District of New York pursuant to section 157(a), Title 28 U.S.C.

## II.

Hearings were held and testimony taken on this motion on February 12 and March 31, 1993. The motion was submitted with Khan's "closing statement" filed May 24, 1993. Khan was cautioned by the Court at the outset that it might well consider sanctions pursuant to B.R. 9011 should his charges be without foundation.

This debtor previously filed a petition under the provisions of Chapter 11 in November of 1989. It was not an operating business at the time but held real estate which Khan had purchased from Brondy Real Estate ("Brondy"). Brondy was represented by attorney Mark S. Wallach in a state court foreclosure action against that property. One Harold Schectman apparently owns, or at least was a principal of, Brondy. While Khan had grand plans for the debtor company if he could resolve his or its difficulties with Brondy, that did not occur. Eventually, the automatic stay of § 362 of the Code was lifted to permit the foreclosure proceeding to go forward in the state court. The Chapter 11 case was dismissed in May of 1990.

In June of 1990, and on the eve of a foreclosure sale, Khan filed this Chapter 11 petition for the debtor in the Central District of California. On motion of the Office of the U.S. Trustee, the Chapter 11 case was converted to Chapter 7 and a trustee appointed. On motion of Brondy, the Bankruptcy Court for the Central District of California transferred the venue of the case to this Court on October 10, 1990. Mr. Marky succeeded the California trustee as the officer charged with administration of the debtor's estate. Since that time, the automatic stay again was lifted in this Court, and this trustee has not chosen to pursue Khan's grievances against Brondy, its principal, or its attorney. In this setting, Khan brings this motion (parenthetically, it should be noted that he has brought a RICO suit in the District Court against everyone in sight).

## III.

This certainly is not the first time and undoubtedly will not be the last that a party with essentially a private dispute lost in the state courts imagines the bankruptcy

process to be designed to carry on his or her cause. The mirage of a public officer successfully championing the causes theretofore lost drives such a mind. When the sand of reality displaces this vision, conspiratorial fancies come to the fore.

As the Court sees it, Khan is unhappy with the trustee for three basic reasons: the trustee has not pursued what Khan perceives to be valid claims against Brondy, Schectman, and Wallach; the trustee did not pursue the appeal of the foreclosure order in the state courts; and the trustee did not oppose the lifting of the automatic stay that permitted the state court proceedings to go forward. He embellishes his unhappiness with these decisions with charges of fraud, racketeering, and even assault—charges which are not even remotely supported by the record.

It may be noted that Khan had the opportunity to pursue his claims and the appeal before, during, and after the dismissal of the first Chapter 11 case. Instead, he has used the bankruptcy process to again delay the dispute resolution processes of the state courts, a stratagem which failed completely with the conversion of this case to Chapter 7. Though Khan's complaints against Brondy, Schectman, and Wallach in the main may not have been tried on their merits, a trustee's judgment not to commit resources, if he has any, to pursue the complaints and thereby expose himself. and/or the estate to possible sanctions is quite understandable on this record. There exists no basis for the removal of Mr. Marky.

█ The Court additionally finds this motion to have been prompted by vindictiveness, and consequently, sanctions are warranted in an amount to compensate the estate for expenses incurred defending this motion to remove. Counsel for the trustee should file time and expense sheets within twenty days of the date of this order.

Upon the fixing of the attorney's fees and expenses, this order shall become final.

So Ordered.