**In re CEE JAY DISCOUNT STORES, INC. d/b/a Value Master, Debtor.**

**Bankruptcy No. 893–84207–022.**

United States Bankruptcy Court, E.D. New York at Westbury.

Aug. 11, 1994.

Sbeglia & Shames, New York City.

Kenneth P. Silverman, Jaspan & Ginsberg, Garden City, NY, for trustee.

### DECISION AND ORDER ON TRUSTEE'S APPLICATION TO RETAIN ATTORNEY

EDWARD J. RYAN, Bankruptcy Judge.

By application dated May 16, 1994, Kenneth P. Silverman moves for the entry of an order of this court approving the employment of Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman as attorneys for the trustee.

On June 6, 1994 the office of the United States Trustee indicated that it had "no objection" to the entry of the order.

The application shows in pertinent part that:

On July 23, 1993 the debtor filed a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of New York.

Thereafter, by Order of the Court dated April 11, 1994 the debtor's chapter 11 was converted to a chapter 7 liquidation proceeding.

By Notice of Appointment dated April 12, 1994, applicant was appointed the interim Chapter 7 Trustee of the estate and has duly qualified and is permanent trustee in this case.

Applicant believes that it is now necessary to employ counsel for the trustee in this case to, among other things, prosecute certain actions to recover assets of this estate.

Accordingly, applicant requests that Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman be retained as attorneys as of April 12, 1994. Applicant who is a member of Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman believes that Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman is well qualified to act as his attorney and to represent him as the trustee in this case.

The professional services that Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman is to render to the trustee may be summarized as including:

(a) to prepare on behalf of the trustee, all necessary applications, motions, answers, orders, reports and other legal documents required by the Bankruptcy Code; and

(b) to perform all other legal services for the trustee which may be necessary in connection with the trustee's attempts to properly liquidate the assets of the estate.

To the best of applicant's knowledge, Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman has no connection with the debtor's creditors or any other party in interest or their respective attorneys, except as set forth in the attached affidavit of Gary F. Herbst, Esq. a member of Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman. Additionally, Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman represents no interest adverse to the debtor or the estate, or any other interested person in the matters with respect to which Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman is being retained by the trustee, except as set forth in the attached affidavit.

Furthermore, Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman is a "disinterested person" as that term is defined in § 101(14) of the Code and that said firm:

(a) is not a creditor, equity security holder or insider of the debtor;

(b) is not and was not an investment banker for any outstanding security of the debtor;

(c) has not been, within three (3) years prior to the conversion date, (i) an investment banker for a security of the debtor or (ii) an attorney for such an investment banker in connection with the offer, sale, issuance of a security of the debtor; and

(d) is not and was not, within two (2) years prior to the conversion date, a director, officer or employee of the debtor or of an investment banker specified in subparagraph (b) or (c) of this paragraph.

Based on the foregoing, applicant submits that the retention of Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman as of

April 12, 1994, is not only necessary but also in the best interest of this estate.

No prior application for relief sought herein has been previously made to this or any other court.

A hearing was held on the trustee's motion on June 22, 1994. The debtor's attorney, the trustee, and the United States Trustee were present. The trustee was vaguely familiar with the case. He had not investigated the relationship between the landlord of the debtor, the debtor, and the debtor's principal. He did not know the value of the inventory.

Upon receiving his appointment as trustee in the case, the trustee had contacted an auctioneer who visited the debtor's premises, changed the locks and surveyed the inventory at the trustee's request. The trustee had not seen the premises or inventory as of the hearing date. He indicated that according to the auctioneer the value of the inventory is *de minimis*.

■ The court is concerned that the trustee appears to be unaware of the statutory duties that his appointment brings with it. Those duties are set forth in 11 U.S.C. § 704.

Section 704 states:

The trustee shall—

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

(2) be accountable for all property received

(3) ensure that the debtor shall perform his intention as specified in § 521(2)(B) of this title;

(4) investigate the financial affairs of the debtor;

(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;

(6) if advisable, oppose the discharge of the debtor;

(7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

(8) if the business of the debtor is authorized to be operated, file with the court, with the United States trustee, and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires; and

(9) make a final report and file a final account of the administration of the estate with the court and with the United States trustee.

See e.g., *In re Slack,* 164 B.R. 19 (Bankr. N.D.N.Y.1994); *In re Plunkett,* 60 B.R. 290 (Bankr.S.D.N.Y.1986); *In re Leavell,* 141 B.R. 393 (Bankr.S.D.Ill.1992); *In re Reich,* 54 B.R. 995 (Bankr.E.D.Mich.1985). Additionally, Federal Rule of Bankruptcy Procedure 2015(a) reiterates the duty to keep records, make reports and give notice of the case.

■ While acting within the scope of his duties, a trustee's performance is measured against that of a reasonable person in similar circumstances, acting with a similar purpose. *In re Lundborg,* 110 B.R. 106 (Bankr. D.Conn.1990); cites omitted. Although a trustee derives a limited immunity as a court appointed party, negligence of the trustee is not immune. *In re Center Teleproductions, Inc.,* 112 B.R. 567 (Bankr.S.D.N.Y.1990). A trustee may be held personally liable for negligent failure to perform duties, regardless of intent. *Mosser v. Darrow,* 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1951); *In re Gorski,* 766 F.2d 723 (2d Cir.1985) citing *In re Cochise College Park, Inc.,* 703 F.2d 1339 (9th Cir.1983).

■ Various remedies are available when a trustee is found to have acted negligently. An extreme solution is removal of the trustee upon a showing of cause. 11 U.S.C. § 324(a); see also, *In re J.I.K. Industries, Inc.,* 155 B.R. 321 (Bankr.W.D.N.Y. 1993); *In re Freeport Italian Bakery, Inc.,* 340 F.2d 50 (2d Cir.1965). A trustee is not to be removed unless actual injury or fraud occurs. *Lundborg, supra,* at 108. In addi-

tion, mistakes in discretionary judgment which are reasonable, do not warrant removal. *Id.*, Cites omitted. Abuse by a trustee causing injury to the estate, sometimes does result in removal. *In re Derryberry*, 72 B.R. 874 (Bankr.N.D.Ohio W.D.1987) (where misconduct by a trustee resulted in removal of the trustee's name from a list of attorneys permitted to practice before bankruptcy court in Ohio); see also, *In re Vega*, 102 B.R. 552 (Bankr.N.D.Tex.1989) (holding that misrepresentation by the trustee warranted an injunction restraining the trustee's practice of law).

█ A more popular remedy is a denial of fees. See *In re Grubel*, 132 B.R. 242 (Bankr. E.D.N.Y.1991) (neglect of the trustee's fiduciary duties was found where the trustee unnecessarily prolonged the case, resulting in a denial of commissions.) See also, *In re Poor*, 127 B.R. 787 (Bankr.M.D.La.1991). Similarly, fees have been denied where a trustee negligently transferred estate funds to a non-interest bearing account. *In re Charlestown Home Furnishing*, 150 B.R. 226 (Bankr.E.D.Mo.1993).

Fees have also been denied where the trustee did not seek approval for appointment of "professional persons"[1] pursuant to 11 U.S.C. § 327(a). See, *In re Riker Industries, Inc.*, 122 B.R. 964 (Banker.N.D.Ohio W.D.1990).

In this case, at the time he filed his application to employ his law firm, the trustee knew of no legal services he would require because he had conducted little investigation. Additionally, he had already contacted the auctioneer he intended to use in the liquidation of the debtor's collateral.

█ This court has expressed its view that a trustee should not employ his own firm absent a showing of cause to justify it. See *In re Showcase Jewelry Design Ltd.*, 166 B.R. 205 (Bankr.E.D.N.Y.1994). These concerns have been expressed by other courts over the last three decades.

█ Other courts have held that bankruptcy proceedings must not only be right,

but must also seem right. See *Knapp v. Seligson (In re Ira Haupt)*, 361 F.2d 164 (2d Cir.1966). Such appointments should be the exception and made only when sound, special circumstances justify. *Id.* See also *In re Michigan Interstate Railway Co.*, 32 B.R. 325 (Bankr.E.D.Mich.1983); *In re Gem Tire & Service Co.*, 117 B.R. 874 (Bankr.S.D.Tx. 1990).

The court in *S.E.C. v. Kenneth Bove & Co.*, 451 F.Supp. 355 (S.D.N.Y.1978) expressed its concern that "commingling of interests which occurs when a trustee's lawyers also are his law partners, and they share one another's fee" could create a problem.

In addition the *Bove* court stated that it "should be able to rely on the trustee for assistance in assessing the necessary expenses of administration. Yet a trustee who is represented by his own firm disables himself from offering such assistance with respect to the application for counsel fees. Thus, although the trustee is not prohibited from utilizing his own firm, to do so causes serious problems when compensation is sought."

The *Bove* court also noted the problem of distinguishing the hours devoted to legal work from those devoted to non-legal services. It focused on the conflicting interests of the trustee who employees his own firm, namely the desire for his firm to make a profit and his duty to act in the best interest of the estate. See also *In re Michigan Interstate Railway Co., supra; In re Butler Industries, Inc.*, 101 B.R. 194 (Bankr.C.D.Calif.1989).

The trustee in the matter before this court made no showing of cause to justify hiring his own firm. The motion for entry of an order approving the employment of Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman is denied.

It is so ordered.

---

**1.** 11 U.S.C. § 327(a) provides: a trustee, with the court's approval, may employ one or more attorneys ... or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to rep-

resent or assist the trustee in carrying out the trustee's duties under this code. See also, *In re Lowry Graphics, Inc.*, 86 B.R. 74 (Bankr.S.D.Tex. 1988).