**In re Various Applications of Eric C. KURTZMAN, Chapter 7 Trustee, Seeking to Retain Kurtzman, Cohen, Matera & Gurock (formerly Kurtzman, Haspel & Stein) as Attorneys for Trustee.**

United States Bankruptcy Court,
S.D. New York.

Jan. 28, 1998.

---

Eric C. Kurtzman, Rosemarie E. Matera, Howard M. Gurock, Thomas M. Scuderi, Kurtzman, Cohen, Matera & Gurock, Spring Valley, NY.

Eric Small, Albany, NY, Office of the United States Trustee.

### DECISION ON RETENTION OF ATTORNEYS FOR TRUSTEE PURSUANT TO 11 U.S.C. § 327(d)

JEREMIAH E. BERK, Bankruptcy Judge.

## I. INTRODUCTION

Eric C. Kurtzman, Chapter 7 Trustee, ("Trustee Kurtzman") seeks to retain the law firm of which he is a member, Kurtzman, Cohen, Matera & Gurock (the "Kurtzman firm"), as attorneys for himself as trustee, pursuant to 11 U.S.C. § 327(d), in thirteen bankruptcy estates.[1] Hearings on this most-recent batch of retention applications were held on June 17, 1997, August 21, 1997 and October 14, 1997. For the reasons stated on the record at these and prior hearings, the retention applications are denied.

## II. FACTS

For a period of approximately three years, hearings have been held on various applica-

---

1. Retention applications are presently pending in the following thirteen cases:

1) *In re Barbara A. Baird*, 96–33215;
2) *In re Charles James Balli and Joyce Ann Balli*, 97–32137;
3) *In re Feti Canpolat*, 93–30696;
4) *In re Leslie Davis and Celina Davis*, 96–33246;
5) *In re Charles E. Fowler*, 97–32103;
6) *In re Dorothea A. Judson*, 96–32814;
7) *In re Jonathan Kern*, 97–32144;
8) *In re Donald P. Klybas*, 95–30068;
9) *In re Scott M. Lask and Caren D. Lask*, 96–32593;
10) *In re Donald R. McCue*, 97–31771;
11) *In re Mitchell Rothman*, 97–32084;
12) *In re Glenn Albert Sayres and Diane Michelle Sayres*, 97–31122;
13) *In re Keith A. Woronoff and Arlene Woronoff*, 96–32561.

During these continuing hearings, Trustee Kurtzman withdrew applications to retain his firm in the following four cases: *In re Leslie A. Coon, Sr. and Linda Rae Coon*, 97–31132; *In re Claudia B. Daly*, 97–31200; *In re Lemko Resort, Inc.*, 95–31990; and *In re Wilson Omnibus Corp.*, 96–32405.

tions of Eric C. Kurtzman, Chapter 7 Trustee, seeking to retain his law firm, Kurtzman, Cohen, Matera & Gurock (formerly Kurtzman, Haspel & Stein) as attorneys for the Trustee. Hearings were held on February 28, 1995, July 6, 1995, August 30, 1995, September 14, 1995, September 20, 1995, November 21, 1995, May 9, 1996, June 17, 1997, August 21, 1997 and October 14, 1997. These hearings concerned Trustee Kurtzman's administration of various bankruptcy estates and, specifically, whether it was in the "best interest of the estate" to permit Trustee Kurtzman to continue to retain his law firm as attorneys for Trustee pursuant to 11 U.S.C. § 327(d).

In seven of the thirteen matters now pending, the court served a notice of hearing upon Trustee Kurtzman and the United States Trustee. The six remaining matters were set down for hearing by Trustee Kurtzman and notice was given to all creditors and parties in interest. The following is a list of each case, hearing date and date of service of notice of hearing:

| Case Name | Hearing Date | Date of Service |
|---|---|---|
| Baird 96–33215 | June 12, 1997 | June 3, 1997 |
| | August 21, 1997 | June 25, 1997 |
| | October 14, 1997 | August 25, 1997 |
| Balli 97–32137 | October 14, 1997 | September 3, 1997 * |
| Canpolat 93–30696 | August 21, 1997 | June 24, 1997 |
| | October 14, 1997 | August 25, 1997 |
| Davis 96–33246 | October 14, 1997 | August 25, 1997 |
| Fowler 97–32103 | October 14, 1997 | September 3, 1997 * |
| Judson 96–32814 | October 14, 1997 | August 25, 1997 |
| Kern 97–32144 | October 14, 1997 | October 1, 1997 * |
| Klybas 95–30068 | October 14, 1997 | September 26, 1997 * |
| Lask 96–32593 | October 14, 1997 | August 25, 1997 |
| McCue 97–31771 | October 14, 1997 | September 11, 1997 * |
| Rothman 97–32084 | October 14, 1997 | September 8, 1997 * |
| Sayres 97–31122 | August 21, 1997 | June 24, 1997 |
| | October 14, 1997 | August 25, 1997 |
| Woronoff 96–32561 | October 14, 1997 | August 25, 1997 |

* indicates service of notice by Trustee Kurtzman

### III. DISCUSSION

A trustee holds a "fiduciary obligation to the debtor's estate and its creditors and therefore cannot place himself in a position which would give the appearance of impropriety or be a conflict of interest." *In re Gem Tire & Serv. Co.*, 117 B.R. 874, 877 (Bankr.S.D.Tex.1990). Section 327 of the Bankruptcy Code is a manifestation of "Congress' concern for avoiding conflicts of interest as to employed professionals." *Id.* Under § 327(a), the trustee's professionals must not "hold or represent an interest adverse to the estate" and be "disinterested persons." 11 U.S.C. § 327(a) (1997). However, when a trustee wishes to employ himself as attorney to the trustee, Congress requires the additional showing that the representation is in "the best interest of the estate." 11 U.S.C. § 327(d) (1997). There is abundant authority to support the proposition that a trustee should be allowed to retain his own law firm only if the "best-interest-of-the-estate" test is affirmatively demonstrated. *See In re Showcase Jewelry Design Ltd.*, 166 B.R. 205, 207 (Bankr.E.D.N.Y.1994); *In re Cee Jay Discount Stores, Inc.*, 171 B.R. 173, 174 (Bankr.

E.D.N.Y.1994); *In re Gem Tire,* 117 B.R. at 878; *In re Butler Industries, Inc.,* 101 B.R. 194, 196 (Bankr.C.D.Cal.1989), aff'd, 114 B.R. 695 (C.D.Cal.1990); *In re Michigan Interstate Railway Co., Inc.,* 32 B.R. 325, 326 (Bankr.E.D.Mich.1983). In none of the retention applications now pending has "best interest" been demonstrated.

Human nature being what it is, courts have recognized the dangers attendant to a fiduciary's retention of himself to serve as his own paid employee. *See Knapp v. Seligson (In the Matter of Ira Haupt & Co.),* 361 F.2d 164, 167–68 (2d Cir.1966); *S.E.C. v. Kenneth Bove & Co.,* 451 F.Supp. 355, 358–59 (S.D.N.Y.1978); *In re Street Railways Adver. Co.,* 54 F.Supp. 577, 578 (S.D.N.Y.1941); *In re Showcase Jewelry Design,* 166 B.R. at 206–7; *In re Cee Jay Discount Stores,* 171 B.R. at 176; *In re Gem Tire,* 117 B.R. at 877–79; *In re Butler Industries,* 101 B.R. at 196; *In re Chas. A. Stevens,* 105 B.R. 866, 870–72 (Bankr.N.D.Ill.1989); *In re Michigan Interstate Railway,* 32 B.R. at 326. The Second Circuit has noted that a trustee may not have "the same objective and critical attitude toward the amount and quality of effort being put forward by his own law firm that he would toward another." *Knapp v. Seligson,* 361 F.2d at 168. Consider also the conflict which might arise between an estate's malpractice action against the trustee's law firm and the trustee's natural "disincentive to pursue such claim." *In re Showcase Jewelry Design,* 166 B.R. at 207.

■ The checks and balances inherent in the traditional attorney-client relationship become virtually meaningless when the client is permitted to review and pass upon the bills he submits to himself. "[A] trustee who is represented by his own firm disables himself from offering such assistance with respect to the application for counsel fees. Thus, although the trustee is not prohibited from utilizing his own firm, to do so causes serious problems when compensation is sought." *In re Cee Jay Discount Stores,* 171 B.R. at 176 (citing *S.E.C. v. Kenneth Bove,* 451 F.Supp. at 358–59).

■ Since a bankruptcy trustee is responsible for monitoring all fees requested in a case, and has a statutory duty to object to any inappropriate fees, a conflict develops when the trustee's own law firm is retained as his counsel and the trustee "is interested in obtaining the largest fee recovery on behalf of his firm." *In re Butler Industries,* 101 B.R. at 196. "The estate is not a cash cow to be milked to death by professionals seeking compensation for services rendered to the estate which have not produced a benefit commensurate with the fees sought." *In re Chas. A. Stevens,* 105 B.R. at 872.

The U.S. Trustee and this Court have too often questioned the accuracy of the Kurtzman firm's time and expense records submitted in various cases. Courts should not be put to the tedious task of second-guessing attorneys' classifications of billable time. *In re Michigan Interstate Railway,* 32 B.R. at 326. For example, when a trustee's law firm is retained as counsel to the trustee, "there is a substantial temptation for the trustee to charge administrative duties as legal services, and thereby attempt to obtain double compensation." *In re Butler Industries,* 101 B.R. at 197. "The temptation to describe time charges as legal rather than managerial is too tempting, especially when 'legal' time can be compensated on an hourly basis and 'managerial' time can not [and] ... it would be naive to hold that on marginal matters, the trustee would not tend to classify the services as legal rather than as managerial." *In re Michigan Interstate Railway,* 32 B.R. at 326. If the fee application of the law firm does not carefully segregate between services rendered by the trustee and the services rendered by the law firm, a trustee may improperly profit from non-legal services billed as legal services, in violation of his fiduciary duties. *S.E.C. v. Kenneth Bove,* 451 F.Supp. at 359. Further, a trustee today customarily receives the maximum compensation for trustee duties based upon the size of the bankruptcy estate, starting at 25 percent on the first $5,000 or less up to 3 percent of $1,000,000 or more, as set forth in the sliding-scale commission schedule of 11 U.S.C. § 326(a).

■ The legislative history to the Bankruptcy Code indicates that Congress was aware of the possibility of a trustee receiving

double compensation when he retains his own law firm. Congress did not intend to provide a trustee with a bonus by allowing him to serve as his own counsel and thereby "receive two fees for the same service or … avoid the maxima fixed in section 326." H.R.Rep. No. 95–595, at 694 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6285; S.Rep. No. 95–989, at 87, reprinted in 1978 U.S.C.C.A.N. 5787, 5825.

Leading bankruptcy practitioners have also recognized dangers attendant to a trustee's retention of his own law firm. "A trustee who represents himself has a built-in conflict in most cases in that his economic self interest will tempt him to characterize his work as legal, not managerial." Robin E. Phelan & John D. Penn, *Bankruptcy Ethics, an Oxymoron,* 5 Am. Bankr.Inst. L.Rev. 1, 40 (1997). Further, research shows that in most cases where professionals are retained, the cost of administration frequently results in a decrease in ultimate distribution to creditors. Marcy J.K. Tiffany, *Is Chapter 7 Cost Effective?,* Bankruptcy Court Decisions, October 14, 1997 at A1, A11–A13.

█ A trustee should only be allowed to retain his law firm upon a showing of the potential benefit to the fiduciary estate, and then, only after the Court is satisfied that the fiduciary will not succumb to the various temptations presented. Trust, rectitude and honor, as well as professional competency, must be demonstrated to support a Court's confidence in such risky appointments.

█ I have observed the performance of Trustee Kurtzman and his law firm in hundreds of Chapter 7 cases over a period of more than ten years and, quite simply, have lost confidence. During the approximate three-year period encompassed by these continuing § 327(d) hearings, I have pointed out numerous mistakes and deficiencies to Trustee Kurtzman and have noted a continuing deterioration in the quality of the legal services provided by the Kurtzman firm to Mr. Kurtzman as Trustee. Regretfully, although often requested, I have seen no improvement in the legal services or billing practices of the Kurtzman firm. I am now satisfied that the performance of the Kurtzman firm is unsatisfactory in this Court, and, accordingly, I am no longer able to make the requisite finding of "best interest of the estate" upon which to grant these most recent retention applications.

The specific findings to support this decision, painfully made during my oral decision from the Bench on October 14, 1997, will not be repeated here. Suffice it to note, however, that this decision is based upon years of observation of disappointing and deteriorating professional performance and improper billing practices. Cumulatively, these observations support the now-inescapable conclusion that the Kurtzman firm is either unable or unwilling to furnish competent, efficient and economical legal services to the bankruptcy estates in which Mr. Kurtzman serves as Trustee.

## IV. CONCLUSION

For the reasons stated here and on the record at the hearings conducted on February 28, 1995, July 6, 1995, August 30, 1995, September 14, 1995, September 20, 1995, November 21, 1995, May 9, 1996, June 17, 1997, August 21, 1997 and October 14, 1997, I am no longer able to find pursuant to 11 U.S.C. § 327(d) that it is in "the best interest of the estate" to allow Trustee Kurtzman to retain his law firm, now known as Kurtzman, Cohen, Matera & Gurock, as attorneys for himself as trustee. Accordingly, the thirteen retention applications presented by Trustee Kurtzman are denied.